Christina RASZLER, Plaintiff and Respondent,

v.

David RASZLER, Defendant and Appellant.

No. 7657.

Supreme Court of North Dakota.

Feb. 7, 1957.

Floyd B. Sperry, Golden Valley, for defendant and appellant.

Sailer & Richardson, Hazen, for plaintiff and respondent.

MORRIS, Judge.

This is an appeal from an order of the district court rendered June 22, 1956, upon the annual report and account of David Raszler, trustee, wherein the court found that the trustee has in his possession a balance of $1,098.82, together with an interest in some grain belonging to his divorced wife who is the beneficiary of the trust.

In September 1951 the plaintiff instituted an action for divorce from the defendant on the grounds of habitual intemperance and extreme cruelty. On November 16, 1951, the court entered an order for temporary maintenance, suit money and counsel fees wherein he awarded the plaintiff possession of certain family household goods and wearing apparel, and in addition to $60 for court costs and attorney's fees he directed that $75 per month support money be paid by the defendant until the further order of the court. He also awarded her custody of two minor children and directed the defendant to furnish certain food products for the use of the plaintiff and the children. He restrained the defendant from disposing of any of his real estate during the pendency of the action. The trial of the divorce action resulted in a judgment granting a divorce to the plaintiff, directing certain cash payments to be made to her, and dividing the property between the litigants. Among other things the judgment provided that each of the parties should have a half interest in the real estate consisting of Section 34 and Lot 2 of the Northwest

Quarter of Section 30 in Township 144, Range 87, subject to a trust to be administered by the defendant as trustee or by another person appointed by the court if the defendant failed to qualify by July 27, 1952. This judgment was entered August 13, 1952. On July 24, 1952, the defendant applied for a stay of proceedings which was granted and an appeal was taken to this court on August 29, 1952. A supersedeas bond was furnished pursuant to order of the court in the sum of $17,000 and the judgment stayed pending appeal. The judgment was affirmed by this court. Raszler v. Raszler, N.D., 64 N.W.2d 358, 361. In our opinion we said:

"This judgment, as of the time it was entered, appears to us to be just and equitable. The lapse of time, however, has rendered obsolete the provisions relative to the times of payment and the date of qualification of the trustee.

"The judgment is affirmed in all things except dates of compliance above mentioned. With respect to those dates the record is remanded for a determination of dates of compliance by the trial court, either with or without further hearing with respect thereto, as the trial court may decide."

Judgment on remittitur to the district court was entered August 5, 1954. The defendant complied with the order for temporary support during the time the appeal was pending and payments of $75 per month were made by the plaintiff and accepted by the defendant up to and including July 1954.

The appeal before us deals exclusively with the accounting of David Raszler as trustee. Since the beginning of the divorce action and up to the present time he has been in possession of and the operator of the farm, one half of which is now the trust property. The court charged him as trustee with the rental value of this property. He determined that the rental value of the entire farm amounted to one fourth of the crops raised thereon plus $300 cash rent. Since one half of the farm was trust property, the rental value of the property subject to the trust was one eighth of the crop plus $150. This appears to be a fair and reasonable amount under the evidence. The first question to be determined is for what period of time the defendant as trustee must account for this rental value. The trial court considered the trust to be in force and effect for the year 1953 and charged the defendant with a rental value for that year of $527.79. He allowed the trustee a credit for the 1953 taxes in the sum of $137.61 which resulted in a net charge against the trustee of $390.18 for the year 1953.

The trial court took the view that because of our affirmance of the judgment the trust became effective and the defendant became liable as trustee for the rental value of the plaintiff's interest in the real estate from the date of the original judgment. In this the trial court was in error. The term of office of the trustee began when he qualified. The defendant did not become trustee until after judgment was entered on our remittitur on August 5, 1954. An appeal had been taken and a supersedeas bond filed suspending the operation of the judgment and decree of the trial court pending appeal. We took note of the prevailing situation in our opinion when we pointed out that the provision in the judgment below with respect to the date of qualification of the trustee had become obsolete and remanded the case for a determination of the dates of compliance by the trial court, which included the qualification of the trustee. Presumably the defendant qualified promptly after the entry of judgment on remittitur. It is clear that there was no trustee of this property pending the appeal. It was therefore improper to require an accounting on the part of the

trustee for receipts and expenditures during 1953.

■ It does not appear that David Raszler received any income from the farm in 1954 until after he became trustee. The court required him to account as trustee for the 1954 income from the farm as trust property. We approve the court's determination in this respect.

■ The defendant attempted to charge against the trust the temporary maintenance of $75 per month paid to the plaintiff pending appeal. He contends that these payments were voluntarily made by him for the support of the plaintiff; that they were made from receipts or income from plaintiff's interest in the farm as awarded her by the original judgment and are therefore proper charges against the trust. These charges were disallowed by the trial court. We would again point out that the defendant did not become trustee nor was the trust effective until after judgment was entered on our remittitur. All these payments were made before the defendant became trustee. They were made by him in his personal and not in his trust capacity. They were not liabilities against the trust and were properly disallowed by the trial court as a charge against the trust.

■ The defendant further attempted to charge the trust with doctor and hospital bills incurred on behalf of his minor son, Albin Raszler, in the sum of $800 in 1952 and 1953. This item was properly disallowed. It is for necessary medical attention furnished to the defendant's minor son. It was an obligation which he personally was obligated to pay. Furthermore, it too was a debt which defendant incurred prior to the time that the trust became effective and was not a proper charge against the trust fund.

■ The defendant seeks to have allowed as a claim against the trust $450 for improvements upon the house on the farm in 1950 and 1951. These improvements were made by an adult son who then lived on the farm. When the son moved off in the fall of 1952 the defendant allowed him a credit of $450 on a debt which he owed the defendant. The argument is that this credit was allowed after the original judgment was entered and should be charged against the trust fund. For reasons which we have applied to the disallowance of other claims and obligations incurred prior to the existence of the trust, this claim too must be disallowed.

■ In his brief the defendant claims that he is entitled to $153.66 rental on shop equipment which was included with trust property on which rental was collected at the rate of $35 per month to one Peg O'Neil. He says the rental on this equipment was worth $10 per month. It does not appear that this contention was made before the trial court. We have found no evidence in this record supporting it and none has been pointed out to us.

■ The defendant complains that it is unfair to require him to pay attorney's fees for the management of the trust out of his own money. As a general rule a trustee is entitled to be reimbursed for the reasonable fees of an attorney properly employed in connection with the administration of the trust estate, where the employment was for the benefit of the estate. Scott on Trusts, Second Edition, Section 246. The allowance of such attorney's fees rests largely in the discretion of the trial court. 54 Am.Jur., Trusts, 523; 90 C.J.S., Trusts, § 474. In this case there has been no showing that it has been necessary to employ an attorney in connection with the administration of the trust estate. This proceeding is not one for the benefit of the estate but is one in which the trustee is attempting to assert rights against or absolve himself from liabilities to the trust fund. The services of the attorney appear to have been rendered in behalf of the trustee personally rather than in behalf of

the trust. No liability against the trust for attorney's fees has been created nor have expenditures been made on the part of the trustee for which he is entitled to reimbursement. See Section 59–0421, NDRC 1943.

The order of the trial court determined that there was a cash balance due the plaintiff in the hands of the trustee of $1,098.82. The computation that resulted in this balance erroneously took into account the 1953 income of $527.79 and a deduction of $137.61 for 1953 taxes, leaving a net charge against the trust of $390.18 which should not have been included in the accounting of the trustee. Deducting this sum from the cash balance found by the court, we find that the net cash balance due the plaintiff is $708.64. The order appealed from is modified to show this balance and as so modified it is affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON, and BURKE, JJ., concur.