In the Matter of the Administration by Harold MONTGOMERY, Lars O. Kleppe, James W. Stearns, and Roger Odell, Trustees of the Trust Created under the Last Will and Testament and Codicil thereto of Lewis C. Stearns, Deceased.

Mona Stearns Lapland GLOVER, Petitioner and Appellant,

v.

Mrs. April Lapland PAUL et al., Respondents,

Harold Montgomery et al., Respondents on Appeal.

No. 8265.

Supreme Court of North Dakota.

July 28, 1966.

Pringle, Herigstad, Meschke, Loder, Mahoney & Purdy, Minot, for petitioner and appellant.

Bosard, McCutcheon & Coyne, Minot, for respondents on appeal.

STRUTZ, Judge (on reassignment).

Lewis C. Stearns died testate on January 29, 1951. His sole heir at law was his adopted daughter, Mona Stearns Lapland Glover, the petitioner in this proceeding. Shortly after his death, his will and codicil were admitted to probate by the Ward County court, Ward County being the residence of the deceased.

Throughout the probate proceedings, Mona Stearns Lapland Glover was represented by legal counsel. It appears from the record that the estate was heavily indebted, and the probate continued from 1951 to 1963, final decree of distribution being entered by the Ward County court on March 22 of the latter year. Under the terms of the final decree, the assets of the estate were ordered distributed to a trust established by the will which provided, in part, as follows:

"I direct that my said trustees shall continue to operate my said trust estate for the period of fifteen years and if in their best judgment, in order to carry out the further provisions of this trust it is necessary or will be beneficial to the beneficiaries, they may continue this trust in force for a period of twenty years from its inception. The effective date of said trust shall be upon the final decree in my estate in probate decreeing my said property to said trustees."

The beneficiaries of the said trust were all in being at the time of the death of the deceased. They were named in the trust instrument with the provision that such beneficiaries be paid a monthly income as long as they should live during the life of the trust, and upon the termination of the trust the trustees should pay certain sums to specified beneficiaries, if still living.

It is the contention of the petitioner that the provision continuing the trust for fifteen years after entry of the final decree of distribution in the decedent's estate violates the North Dakota statutory rule against the suspension of power of alienation in effect at the time of the decedent's death, which provided:

"47–0227. POWER OF ALIENATION; HOW LONG SUSPENDED. Except in the single case mentioned in section 47–0413, the absolute power of alienation cannot be suspended, by any limitation or condition whatever, for a longer period than as follows:

"1. During the continuance of the lives of persons in being at the creation of the limitation or condition; or

"2. For a period not to exceed twenty-five years from the time of the creation of the suspension." [N.D.R.C. 1943.]

Petitioner contends that the "creation of the limitation" occurred at the death of Mr. Stearns, and that the permissible period during which the property may be tied up is measured from that date. That was January 29, 1951. She further contends that operation of the trust for fifteen years from the date of the final decree in the estate, or

March 22, 1963, would extend the time of such limitation to March 22, 1978, or for more than the twenty-five-year limitation from the creation of the suspension. Thus, it is contended, the rule against suspending the power of alienation for not more than twenty-five years from the creation of the suspension is clearly violated, and, under Section 47–0231, providing that every future interest which, by any possibility, may suspend the absolute power of alienation for a longer period than is prescribed by law, is void in its creation.

The trial court held that the trust established by the will is not void and does not violate the North Dakota rule against perpetuities. From judgment entered, the petitioner has appealed to this court.

The applicable provisions of the trust instrument are as follows:

"FIFTH: I give, devise and bequeath all of the rest, residue and remainder of my estate, real, personal and mixed, to James W. Stearns, B. L. Kamins, A. R. Weinhandl, Harold Montgomery and Lars O. Kleppe, in trust however, for the following uses and purposes: They shall hold, manage, control, invest and reinvest my said estate in such manner as they shall deem for the best interest of my said estate and the beneficiaries under said trust, and my said trustees are hereby given and shall have full and ample rights, powers and authority to do any and every thing that is in their judgment necessary or advisable to conserve, protect, manage, handle and control said estate, including the right to lease, sell, convey, exchange, invest and reinvest any of the said property or the assets of said trust, and to execute any and all contracts, deeds, leases and any and all other instruments which said trustees may deem necessary to the execution of the trust as fully and for all purposes as I might or could do if living and acting in the premises, and without aid or authority of any court.

\* \* \* \* \* \*

"I direct that my said trustees shall continue to operate my said trust estate for the period of fifteen years and if in their best judgment, in order to carry out the further provisions of this trust it is necessary or will be beneficial to the beneficiaries, they may continue this trust in force for a period of twenty years from its inception."

The trust instrument then directs that, during the life of the trust, the trustees shall pay to Mr. Stearns' daughter, the petitioner herein, and to other named beneficiaries, designated monthly incomes for as long as they shall live during the life of the trust; and, upon the termination of the trust, specific sums shall be paid to specific beneficiaries, if living. It is further provided that, after payment of Stearns' debts and those of the corporation which he owned at his death, and after the necessary surplus has been set aside for expansion of the corporation, surplus not needed shall be divided semiannually or annually by the trustees and paid to the named beneficiaries.

At the end of the fifteen-year period from the date the trust became effective, or at the end of an additional five-year period thereafter, if the trustees in their discretion continue the trust for an additional five years, the trustees are directed to sell the trust property and to distribute the proceeds of the sale to beneficiaries named. In the event any of the named brothers or sisters of the deceased die prior to the death of the deceased, or prior to the date of the termination of the trust, the share that would have gone to such deceased brother or sister shall be paid to such decedent's legatees or heirs at law if the deceased person fails to leave a will. In the case of one brother, Charles B. Stearns, the share which he would have received under the provisions of the trust are directed to be paid to his wife and children, share and share alike.

The petitioner's case is based upon the contention that the provision for the trust

to continue for fifteen years after entry of final decree—which decree was entered more than twelve years after the death of Stearns—violates the North Dakota statute against suspension of the power of alienation set out above. Since this court has held that the time for the commencement of the perpetuities period is the testator's death [Penfield v. Tower, 1 N.D. 216, 46 N.W. 413], in this case such period of suspension would be from January 29, 1951, and until fifteen years after the date of entry of final decree, or until March 22, 1978. The petitioner contends that this period being more than twenty-five years after the death of the testator, it violates the North Dakota statute against suspension of power of alienation.

Every beneficiary named in the Stearns trust was in being at the time of the death of the testator. Our statute, above cited, specifically provides that the power of alienation cannot be suspended for a longer period than during the continuance of lives of persons in being at the creation of the limitation, or not to exceed twenty-five years from the time of the creation of the suspension.

The trial court held that every trust is automatically suspended and terminated as soon as the purpose for which it was created has been accomplished and there is no further reason for it to continue in existence. The trial court further held that the trust was to continue for the period of fifteen years from the date of the final decree with an optional provision for an additional five years, but that if the lives of the beneficiaries, all of whom were in being at the creation of the trust, should terminate, the trust would then not continue for the period of fifteen years. In other words, should the beneficiaries die within the fifteen-year period, the trust would come to an end at the time of the death of the last beneficiary.

█ We believe the trial court was clearly correct in his holding. Section 59-0320, North Dakota Revised Code of 1943,

the law in force at the time of the creation of this trust, provided:

"When the purpose for which an express trust was created ceases, the estate of the trustee also ceases."

A careful reading of the trust instrument discloses that the only purpose of the Stearns trust was to provide for income for the named beneficiaries, all of whom were in being at the time of the creation of the trust, during their lifetime. If all of the beneficiaries should die before the fifteen-year period or the extended period of twenty years had passed, then the trust would terminate at the death of the last beneficiary because the purpose of the trust would have been accomplished. We believe the trial court correctly stated the matter when he found:

"As viewed by the Court, the trust was to continue for a period of fifteen years from the date of the decree, with an optional provision for additional five years, but in all events not longer than the continuation of the lives of the beneficiaries all of whom were in esse at the time of the creation of the trust, (the date of the entry of the final decree of distribution in the estate of Lewis C. Stearns, deceased). As construed by the Court, the trust does not continue for a period of fifteen years or twenty years, willy nilly, but rather for the sole purpose of providing income to designated beneficiaries during their lifetime. Had the beneficiaries died within the fifteen year period specified in the will, the trust would have come to an end that much sooner. Conversely, if all the named beneficiaries survive the period of fifteen years provided by the will, including any five year extension which may be permitted by the trustees, the trust will come to an end short of the lives of persons in being at the creation of the trust."

The petitioner raises other questions on her appeal which we do not decide because their determination is not necessary to the decision on this appeal. Since we find that

the trust in this case continues for a period not longer than the lives of the beneficiaries, all of whom were in being at the time of the death of the decedent, and that the trust shall continue for a period of fifteen years from the date of the final decree, with an optional provision for an additional five years but in no event longer than the lives of the beneficiaries in being at the creation of the trust, other issues raised by the petitioner are not necessary to a determination of this appeal.

For reasons stated herein, the judgment appealed from is affirmed.

TEIGEN, C. J., and ERICKSTAD and KNUDSON, JJ., concur.

MURRAY, J., not being a member of the Court at the time of submission of this case, did not participate.