2017 ND 27

**Carl Michael HOVERSON,
Plaintiff and Appellee**

**v.**

**Sandra Morten HOVERSON,
Defendant and
Appellant**

**No. 20160175**

Supreme Court of North Dakota.

Filed 2/16/2017

See also 2015 ND 38, 859 N.W.2d 390.

Scott D. Jensen, 401 DeMers Avenue, Suite 500, P.O. Box 5849, Grand Forks, ND 58206–5849, for plaintiff and appellee.

Robert J. Schultz, 406 Main Avenue, Suite 200, P.O. Box 2686, Fargo, ND 58108–2686, for defendant and appellant.

Kapsner, Justice.

[¶ 1] Sandra Hoverson appeals from a district court order resolving a parenting time dispute. Sandra Hoverson argues the district court improperly modified parenting time without a formal motion filed by either party. We conclude the district court's order did not modify the amended judgment. We affirm the order.

I

[¶ 2] Carl and Sandra Hoverson were married in 2004 and have one child together born in 2005. The parties were divorced May 1, 2012. The divorce judgment awarded Sandra Hoverson primary residential responsibility and awarded parenting time to Carl Hoverson. Sandra Hoverson appealed, and Carl Hoverson cross-appealed the divorce judgment. Specifically, the parties raised issues about the property distribution, spousal support, child support, and an award of attorney fees to Sandra Hoverson. The divorce judgment was affirmed in Hoverson v. Hoverson, 2013 ND 48, 828 N.W.2d 510. The case was initially assigned to Judge Clapp, who authored the divorce judgment and the subsequent amended judgment, but was ultimately assigned to Judge Jensen after two district court judges retired.

[¶ 3] The parties struggled with disagreements regarding Carl Hoverson's parenting time. Carl Hoverson moved the district court for enforcement of parenting time on June 11, 2013. He argued alternatively for appointment of a parenting coordinator to establish an appropriate parenting time schedule consistent with the judgment. Sandra Hoverson moved to limit Carl Hoverson's parenting time. The district court held a hearing on both motions April 3rd and 4th, 2014. The district court found Sandra Hoverson engaged in behavior that directly and intentionally interfered with Carl Hoverson's parenting time. The district court appointed a parenting coordinator and ordered a modification of the judgment to include the following language:

7. Disruption of Parenting Time. Unless requested by the other party or in an emergency, neither party shall assert themselves into a parental role during the other party's parenting time.

The amended judgment also stated, "In the event of a dispute regarding a major decision, the Parenting Coordinator shall make the decision." The district court ordered the judgment to reflect that the parenting coordinator shall be utilized to resolve any disputes regarding parenting time. The amended judgment provided a structure for the creation of a parenting time schedule and stated, "[r]eview and confirmation of a schedule by the Parenting Coordinator shall be completed without input from Sandra." Sandra Hoverson appealed, and this Court affirmed the amended judgment in Hoverson v. Hoverson, 2015 ND 38, 859 N.W.2d 390.

[¶ 4] On February 5, 2016, the parties' parenting coordinator contacted the district court and requested clarification of some terms of the judgment regarding parenting time. The district court held a telephonic hearing on March 17, 2016. At the close of the hearing, the district court told the parties its intent to issue an order

and stated, "[i]f anybody believes that I've gone beyond simply interpreting [the judgment], let me know, and we'll discuss it[.]" After the hearing, the district court issued an order entitled "Order Resolving Parenting Time Dispute." The order identified the issues as follows:

Whether or not the term "vacation" as used in paragraph 3–5 requires the parties to demonstrate that they are traveling outside the immediate area or precludes the parties from participating in work activities during the "vacation," and what role the Parenting Coordinator has in making sure the parties are in compliance with . . . being on "vacation"; and

In selecting the three weeks of uninterrupted "vacation" parenting time provided in paragraph [3]–5 whether or not Carl can select weeks during the summer and whether or not Sandra can select periods of time that would eliminate parenting time identified by Carl in his parenting time schedules.

In its order, the district court interpreted the term "vacation" to have no restrictions. Specifically, the order stated, "[i]n the absence of any limiting language within paragraph 3–5 a reasonable interpretation is to not require any specific criteria for exercising the 'vacation' time provided to the parties in paragraph 3–5." The district court noted, "Judge Clapp did not put any restrictions on what time of year the parties could exercise the three weeks of uninterrupted parenting time provided in paragraph 3–5[.]" The district court concluded that, "[r]eading additional restrictions into paragraph 3–5 would be an impermissible modification of the parenting time schedule. Therefore, no restrictions shall be placed on Carl's selection of the three weeks of uninterrupted parenting time[.]" The district court also ordered Sandra Hoverson "shall not override or eliminate

any parenting time identified as Carl's parenting time in the schedules approved by the Parenting Coordinator, except for parenting time that falls within paragraphs 3–1 and 3–2." Sandra Hoverson filed a notice of appeal on May 10, 2016.

## II

[¶ 5] On appeal, Sandra Hoverson argues the district court's order constituted a modification of the parties' judgment without a formal motion. Specifically, she contends the district court modified summer parenting time as well as the family vacation requirements of the amended judgment. She argues the district court's actions violated her due process rights. Carl Hoverson contends the district court's order merely interpreted the existing judgment and argues no modification occurred.

[¶ 6] "The district court has continuing jurisdiction to modify parenting time; however, due process requires a party receive adequate notice and a fair opportunity to be heard." Votava v. Votava, 2015 ND 171, ¶ 14, 865 N.W.2d 821. However, a "district court may clarify a divorce judgment if the judgment is 'vague, uncertain, or ambiguous.'" Id. at ¶ 15 (quoting Rath v. Rath, 2014 ND 171, ¶ 15, 852 N.W.2d 377). It is unnecessary to reach the issue of due process in the event the district court's order constituted a clarification. Resolution of this issue requires interpretation of the amended judgment Sandra Hoverson asserts was modified. In Greenwood v. Greenwood, this Court explained the standard for interpretation of a judgment:

Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished. The question whether a judgment is ambiguous is a question of law. There is an

ambiguity when language can be reasonably construed as having at least two alternative meanings.

1999 ND 126, ¶ 8, 596 N.W.2d 317 (citations omitted). "Questions of law are reviewed de novo." Green v. Green, 2009 ND 162, ¶ 5, 772 N.W.2d 612. Clarification of a judgment is appropriate when the judgment "fails to specify some particulars[,] and uncertainties in the decree arise from subsequent events." Rath, 2014 ND 171, ¶ 15, 852 N.W.2d 377.

[¶ 7] An ambiguity existed or subsequently arose in the parties' amended judgment. The meaning of the term "vacation" could reasonably be construed as having two different meanings. At the request of the parenting coordinator, the district court was asked to interpret the meaning of the term "vacation" as it appeared in paragraph 3–5 of the amended judgment. The amended judgment itself did not provide a definition for "vacation." The parenting coordinator asked if a party uses uninterrupted vacation time, "does either party have to demonstrate that he or she is traveling out of the area, provide an itinerary, or otherwise show that he or she is out of town?" The paragraph in question states:

> 5. Uninterrupted parenting time. Each party shall be entitled to up to three (3) weeks of uninterrupted parenting time to accommodate family vacations which may be exercised either consecutively or non-consecutively. Each party shall provide to the other reasonable and timely notice of the vacation plans and the other party shall cooperate to assure that the child is able to enjoy vacation times with the parent. This uninterrupted parenting time shall take precedence over other schedules, but will take into consideration the alternating holiday schedule.

The district court concluded, "[i]n the absence of any limiting language within [that paragraph] a reasonable interpretation is to not require any specific criteria for exercising the 'vacation' time[.]"

[¶ 8] The district court identified the remaining issue to be resolved by dividing it into two inquiries:

> First, whether or not Sandra can override/eliminate parenting time identified in Carl's schedules when she identifies the three weeks of "vacation" time she provided in paragraph 3–5. Second, whether Carl can use his three weeks of "vacation" time provided in paragraph 3–5 during the summer which substantially limits the amount of the summer school vacation that Sandra can spend with the parties' child.

The district court concluded Carl Hoverson may identify any three weeks during the year as his vacation weeks, as long as he does not interfere with the parties' holiday schedule. The district court stated Sandra Hoverson "shall not override or eliminate any parenting time identified as Carl's parenting time in the schedules approved by the Parenting Coordinator[.]"

[¶ 9] The district court noted its interpretation of the judgment "must be completed within the context of the Amended Judgment that implemented a method for scheduling parenting time that was intended to eliminate Sandra's interference with Carl's parenting time." The district court indicated the amended judgment did not modify the amount of parenting time provided by the divorce judgment, but established a structured method for setting Carl Hoverson's parenting time.

[¶ 10] In Hoverson, 2015 ND 38, 859 N.W.2d 390, Sandra Hoverson challenged the district court's amended judgment provisions relating to the parenting coordinator's authority in the parties' creation of

parenting time schedules. We noted N.D.C.C. § 14–09.2–04, provides:

Within five days of notice of the appointment, or within five days of notice of a subsequent parenting time dispute between the same parties, the parenting coordinator shall meet with the parties together or separately and shall make a diligent effort to facilitate an agreement to resolve the dispute. The parenting coordinator may confer with the parties through a telephone conference or other means. A parenting coordinator may make a decision without conferring with a party if the parenting coordinator makes a good-faith effort to confer with the party. If the parties do not reach an agreement, the parenting coordinator shall make a decision resolving the dispute as soon as possible but not later than five days after receiving all of the information necessary to make a decision and after the final meeting or conference with the parties. The parenting coordinator shall put the agreement or decision in writing and provide a copy to the parties. An agreement of the parties or a decision of the parenting coordinator is binding on the parties until further order of the court.

Id. at ¶ 16. We recognized in the context of Sandra Hoverson's interference with Carl Hoverson's parenting time and the limits of the statute, the district court did not improperly expand the authority of the parenting coordinator. Id. at ¶¶ 19–20. The amended judgment sets forth a procedure for creating Carl Hoverson's parenting time schedule. It provides, "Carl may, but is not required to, obtain input from Sandra in creating the schedule. Carl's schedule shall be provided to the Parenting Coordinator who shall confirm that the schedule complies with the structure provided...." In the event the parenting coordinator finds the schedule does not comply, the amended judgment requires the parenting coordinator to return the schedule to Carl Hoverson for resubmission until it does comply. The amended judgment also provides, "[r]eview and confirmation of a schedule by the Parenting Coordinator shall be completed without input from Sandra." These restrictive provisions appear in the amended judgment, and the district court's order did not expand or modify those provisions. While the order indicates Sandra Hoverson may not interfere with Carl Hoverson's parenting time schedules, they still must be approved by the parenting coordinator. As a result, the district court's order did not enlarge, modify, restrict, or diminish the amended judgment. Greenwood, 1999 ND 126, ¶ 8, 596 N.W.2d 317.

[¶ 11] We conclude the district court's order constituted a clarification of the amended judgment, and no modification occurred. There are no due process concerns because the district court's order did not modify the amended judgment. The district court neither entered a new amended judgment, nor ordered modification of the amended judgment. The district court also stated, "[i]f anybody believes that I've gone beyond simply interpreting Judge Clapp's Judgment, let me know, and we'll discuss it.... Because I don't believe that it would be appropriate for me to start modifying the parenting schedule, but just interpreting it." A district court's stated intent does not dictate the operative legal effect of its order. However, in this case, the district court's intent to interpret the amended judgment matched the legal effect of its order.

III

[¶ 12] We conclude the district court's order clarified the terms of the amended judgment, and no modification occurred. We affirm the district court's order inter-

preting the terms of the amended judgment.

[¶ 13] Carol Ronning Kapsner

Lisa Fair McEvers

Dale V. Sandstrom, S.J.

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

[¶ 14] The Honorable Jerod E. Tufte was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge Dale V. Sandstrom, sitting.