# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 71

In the Matter of Curtiss A. Hogen Trust B, created under the Last Will and Testament of Curtiss A. Hogen

Steven C. Hogen, Co-Trustee,                                                   Petitioner and Appellee

> v.

Rodney Hogen, Co-Trustee,                                                   Respondent and Appellant

## No. 20190240

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice, in which Justice Tufte and Chief Justice Jensen joined. Justice Crothers filed an opinion concurring in part and dissenting in part, in which Justice VandeWalle joined.

Stephen R. Hanson II (argued) and Robert G. Hoy (on brief), West Fargo, ND, for petitioner and appellee.

Jonathan T. Garaas, Fargo, ND, for respondent and appellant.

**McEvers, Justice.**

[¶1]   Rodney Hogen appeals from an order denying his motion and an order terminating a trust.  Rodney Hogen argues on appeal he should have received additional funds from the Trust.   Specifically, Rodney Hogen argues the district court's previous order, and this Court's opinion affirming the order, permitted only $208,000, and no additional funds, to be taken from his share. Rodney Hogen argues the prior order is binding and the order by the court denying his motion impermissibly changes the meaning of the prior order. Rodney Hogen also argues the court erred in terminating the Trust.  We affirm.

I

[¶2]   This Court has previously addressed issues surrounding the Trust, estate, and land connected to this case.  *See Estate of Hogen*, 2019 ND 141, 927 N.W.2d 474, *cert. denied*, 140 S.Ct. 220; *Hogen v. Hogen*, 2019 ND 17, 921 N.W.2d 672, *cert. denied*, 140 S.Ct. 119; *Matter of Hogen Trust B*, 2018 ND 117, 911 N.W.2d 305; *Estate of Hogen*, 2015 ND 125, 863 N.W.2d 876.

[¶3]   Arline and Curtiss Hogen owned land in Barnes and Cass County.  Their son, Rodney Hogen, farmed with Curtiss Hogen.  When Curtiss Hogen died in 1993 his undivided one-half interest in the land was distributed to the Curtiss Hogen Trust.  Curtiss Hogen's will allowed the Trust to continue the farming operation, appointed his two children, Steven Hogen and Rodney Hogen, as co-trustees of the Trust, and authorized the trustee to make payments to Arline Hogen during her lifetime.  After Curtiss Hogen died, Rodney Hogen continued to farm under a rental agreement with the Trust and Arline Hogen.

[¶4]   When Arline Hogen died in 2007 all of her property was devised equally to her two sons, Steven Hogen and Rodney Hogen. Steven Hogen was appointed personal representative of her estate and evidence indicated the estate may be entitled to an offset from Rodney Hogen's share.  Litigation led to *Estate of Hogen*, where this Court affirmed the amount Rodney Hogen owed

1

to the estate and the personal representative fees, attorney fees, costs, and expert witness fees from the estate. 2015 ND 125, 863 N.W.2d 876.

[¶5] After *Estate of Hogen*, 2015 ND 125, 863 N.W.2d 876, Steven Hogen petitioned the district court for supervised administration of the Trust to compel an accounting and recover an offset against Rodney Hogen's share of the Trust, void deeds unilaterally made by Rodney Hogen, remove Rodney Hogen as co-trustee, and prevent Rodney Hogen from receiving rent from the Trust land. *Matter of Hogen Trust B*, 2018 ND 117, ¶ 5, 911 N.W.2d 305. The court granted Steven Hogen partial summary judgment, finding the Trust did not automatically terminate upon Arline Hogen's death and entered an interim order for supervised administration of the Trust. *Id*. at ¶¶ 6-7. The court denied the request to suspend Rodney Hogen as co-trustee. *Id*.

[¶6] After a bench trial, the district court found Rodney Hogen breached fiduciary duties and obligations and owed the Trust. *Matter of Hogen Trust B*, 2018 ND 117, ¶ 8, 911 N.W.2d 305. The court then permanently suspended Rodney Hogen as co-trustee and ordered Steven Hogen to divide and allocate the Trust property, authorizing him to pay outstanding mortgages, debts, and encumbrances, attorney fees, and to pay equal shares with a portion first offset from Rodney Hogen's share. *Id*. The court granted Steven Hogen's petition for approval of a final trustee's report and request for trustee's fees and attorney fees. *Id*. at ¶ 9. The court "awarded trustee's fees in the amount of $13,750, attorney's fees in the total amount of $401,916.50, with $208,000 withheld from Rodney Hogen's share of Trust assets, and associated litigation fees, costs, and expenses in the amount of $26,325.35." *Id*. The court also directed Steven Hogen to withhold $10,000 from the Trust property for continuing fees and expenses and payment of ongoing attorney fees and capital gains taxes on the land sale. *Id*.

[¶7] Rodney Hogen appealed. This Court concluded the district court did not abuse its discretion by approving the trustee's final report. This Court also affirmed the court's decision that the Trust had not terminated at Arline Hogen's death, that Rodney Hogen breached fiduciary duties to the Trust, and the authorization for Steven Hogen to sell the Trust land to offset against

Rodney Hogen's share. *Matter of Hogen Trust B*, 2018 ND 117, ¶¶ 22, 31, 36, 911 N.W.2d 305. We also affirmed the award of attorney fees to Steven Hogen. *Id.* at ¶ 39.

[¶8] In June 2019, Steven Hogen, as the trustee, filed a final report of distribution. Rodney Hogen then filed a "motion for surcharge of fiduciary and motion for attorney fees" arguing he should receive $239,960.43 from the Trust, the difference between the preliminary cash allocation of $447,960.43 and $208,000 withheld from his portion of the Trust assets. The district court denied Rodney Hogen's motion, stating the correct amount had been distributed and "[t]he $208,000 portion was to be withheld from Rodney's portion, however, the remaining attorney fees were to be equally withheld from remaining Trust property." The court also terminated the Trust. Rodney Hogen appeals the order denying his motion and the order terminating the Trust.

## II

[¶9] Rodney Hogen argues that this Court's prior decision permitted only $208,000 to be taken from his share. Rodney Hogen argues the district court violated the mandate rule by not following this Court's prior decision.

> Generally, the law of the case is defined as the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal question thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same. In other words, [t]he law of the case doctrine applies when an appellate court has decided a legal question and remanded to the district court for further proceedings, and [a] party cannot on a second appeal relitigate issues which were resolved by the Court in the first appeal *or which would have been resolved had they been properly presented in the first appeal.* The mandate rule, a more specific application of law of the case, requires the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case and to carry the [appellate court's] mandate into effect according to its terms. . . . and we retain the authority to decide

whether the district court scrupulously and fully carried out our mandate's terms.

*Viscito v. Christianson*, 2016 ND 139, ¶ 7, 881 N.W.2d 633.

[¶10] However, the fact a matter has been appealed does not bar all corrections or clarifications. For example, a district court may correct clerical errors even after appeal, if the correction fits under N.D.R.Civ.P. 60(a) and the appellate court has not ruled explicitly or implicitly on the issue that is the subject of the correction. *Roth v. Hoffer*, 2006 ND 119, ¶ 10, 715 N.W.2d 149. Clarification of a judgment is similar to a correction for clerical error under N.D.R.Civ.P. 60(a), because in both instances the court is addressing ambiguities or an error of omission to clarify a judgment to reflect the court's intent when the initial judgment was entered. *See Roth*, at ¶ 9 (discussing F.R.Civ.P. 60 authorizing a court to correct ambiguities). Under N.D.R.Civ.P. 60(a), a clerical mistake that can be corrected is a "blunder in execution" rather than an instance where a court changes its mind. *Roth*, at ¶ 9. Because we allow courts to correct clerical errors to correct ambiguities following an appeal when we have not ruled on the issue, likewise, we will allow clarification under the facts of this case.

[¶11] The district court's prior order stated: "Steven C. Hogen is AWARDED attorney's fees in the total amount of $401,916.50, $208,000 of which is to be withheld from Rodney Hogen's portion of the Trust assets." The issue on the award of attorney fees in the previous appeal was only whether the court should have denied the request for attorney fees. *Matter of Hogen Trust B*, 2018 ND 117, ¶ 37, 911 N.W.2d 305. This Court affirmed the attorney fees, stating: "The district court awarded Steven Hogen: . . . 2) $401,916.50 from Trust property for attorney's fees with $208,000 withheld from Rodney Hogen's portion of Trust assets." *Id*. at ¶ 38. When affirming the court's award of attorney fees, this Court did not interpret the meaning of the court's order. The language in our prior decision merely stated what the court had ordered. The mandate rule requires "the trial court to follow pronouncements of an appellate court on legal issues in subsequent proceedings of the case." "[W]e retain the authority to decide whether the district court scrupulously and fully

4

carried out our mandate's terms." In the previous appeal, there was no remand or mandate directing the court to construe its order in any particular way. Therefore, the court interpreting its own order did not violate the mandate rule.

## III

[¶12] Rodney Hogen argues the district court's prior order is binding and the order denying his motion impermissibly changes the meaning of the prior order. Essentially, he argues the order denying his motion is a modification of the previous order and the previous order permitted *only* $208,000, and no more, to be taken from him.

[¶13] In *Matter of Hogen Trust B*, this Court analyzed the appealability of the previous order and determined it was a final order for purposes of appeal. 2018 ND 117, ¶¶ 10-14, 911 N.W.2d 305. An order intended to be a final judgment will be treated as a final judgment. *Funke v. Aggregate Constr., Inc.*, 2015 ND 123, ¶ 8, 863 N.W.2d 855.

> Interpretation of a judgment is a question of law, and an unambiguous judgment may not be modified, enlarged, restricted, or diminished. If the same trial judge clarifies an original judgment, we afford the judge's clarification considerable deference. When, however, one trial judge interprets the decree of another, the interpreting court is in no better position than we are to determine the original judge's intentions, and this court reviews such interpretations de novo. Following our rule on contract interpretation, the question whether a judgment is ambiguous is a question of law for the court to decide. There is an ambiguity when language can be reasonably construed as having at least two alternative meanings.

*Dakutak v. Dakutak*, 1997 ND 76, ¶ 6, 562 N.W.2d 750 (citations omitted).

[¶14] While a modification is not permitted, a clarification is permissible. We have allowed clarification if there is an ambiguous provision in the judgment that creates an actual controversy between the parties. *Neubauer v. Neubauer*, 524 N.W.2d 593, 595 (N.D. 1994). "Clarification of a judgment is appropriate

5

when the judgment fails to specify some particulars, and uncertainties in the decree arise from subsequent events." *Hoverson v. Hoverson*, 2017 ND 27, ¶ 6, 889 N.W.2d 858. "A trial court's clarification of a previously entered decree by that same court is given considerable deference by this Court in construing the original order or decree." *Quamme v. Bellino*, 2002 ND 159, ¶ 10, 652 N.W.2d 360.

> [When] a court is clarifying its own decree, it quite naturally is in a position superior to ours for the construction of items commonly referred to as findings of fact. It only follows then that "[c]onstruction of its own decree by the trial court must be given great weight in determining the intent of the trial court."

*State v. Greenshields*, 2019 ND 229, ¶ 7, 932 N.W.2d 903 (citation omitted).

[¶15] At the district court, Rodney Hogen asserted the amended final report and accounting of the Trust contemplated he would be allocated $447,960.43 and that amount, less the $208,000 for attorney fees meant he should receive $239,960.43. Steven Hogen asserted that after subtracting $208,000 from the total amount of attorney fees, $401,916.50, there was still $193,916.50 in attorney fees and the fees were to be taken equally out of the Trust property. This meant one-half of these remaining attorney fees would also be taken from Rodney Hogen's share. One-half of the remaining fees would be $96,958.25. The $208,000 Rodney Hogen owed, plus half of the remaining fees, $96,958.25, meant Rodney Hogen's portion would be reduced by a total of $304,958.25 in attorney fees.

[¶16] "An ambiguity exists when rational arguments can be made in support of contrary positions as to the meaning of the language in question." *Kuperus v. Willson*, 2006 ND 12, ¶ 11, 709 N.W.2d 726 (discussing interpretation of a contract). We conclude the previous order granting attorney fees and designating that $208,000 was to be withheld from Rodney Hogen's portion of the Trust assets is ambiguous. The order finds allocating a portion of the attorney fees against Rodney Hogen's portion of the Trust is appropriate based on Rodney Hogen's burdensome, vigorous, and expensive litigation strategy. The district court clearly designates $208,000 to be withheld from Rodney

6

Hogen's portion. However, the court did not explicitly state how the remainder of the attorney fees would be allocated, whether from Steven Hogen's portion alone or to be shared equally from Steven Hogen's and Rodney Hogen's portion of the Trust. The order lends itself to two alternate reasonable meanings.

[¶17] Shortly after one of Rodney Hogen's appeals, but before this Court issued its opinion in *Matter of Hogen Trust B*, 2018 ND 117, 911 N.W.2d 305, Steven Hogen requested attorney fees, arguing $208,000 of the fees were attributable to Rodney Hogen's "burdensome," "unnecessary," "wasteful," and "duplicative" litigation. Steven Hogen further argued that when a trustee is also a beneficiary of a trust (as Rodney Hogen was) and that trustee is guilty of serious breaches of trust resulting in litigation, allocation of attorney fees should be allocated solely against, and paid entirely from that trustee/beneficiary, and the remaining beneficiaries should not be required to pay any part of the attorney fees of that litigation. The district court declined to award attorney fees until after the appeal, but specifically noted Steven Hogen's request for $208,000 of attorney fees be paid from Rodney Hogen's share of the Trust. In addition, the court required Rodney Hogen to obtain a supersedeas bond in the amount of $600,000 for various offsets and fees, expressly including $208,000 allegedly owed by Rodney Hogen for attorney fees. The court, in requiring the bond, noted that the $120,000 amount of attorney fees to come from the Trust were not included in its calculation, as it was already part of the Trust.

[¶18] After this Court decided *Matter of Hogen Trust B*, 2018 ND 117, 911 N.W.2d 305, the district court found Rodney Hogen had taken unauthorized action with the Trust property, filed pleadings not authorized by the rules, repeatedly argued points already decided, and clouded legal title. The court found allocating a portion of attorney fees to Rodney Hogen would be appropriate due to Rodney Hogen's conduct.

[¶19] In the order denying Rodney Hogen's recent "motion for surcharge of fiduciary and motion for attorney fees", the district court said:

> In a prior order, the Court ordered $208,000.00 of attorney fees be
> withheld from Rodney's portion of trust assets, with the remaining

portion to be taken from Trust property. Rodney claims he was owed the difference between his preliminary cash allocation and the amount of attorney fees withheld from his portion of Trust assets, for an amount of $239,960.43.

However, the Trustee in fact distributed the correct amount to Rodney. The $208,000.00 portion was to be withheld from Rodney's portion, however, the remaining attorney fees were to be equally withheld from remaining Trust property.

[¶20] The judge who clarified the judgment was the same judge who presided over all the proceedings. The district court knew what it intended when using its equitable powers to allocate attorney fees. The court was aware from Steven Hogen's request how the fees should be split and ordered Rodney Hogen to obtain a bond based on the fees that may be allocated to him, other than the fees that could have come from the Trust. We give great deference to the court in construing its original intent. The court's denial of Rodney Hogen's motion clarifies the previous order, and does not modify the order. The court did not impermissibly change the meaning of its prior order.

IV

[¶21] Rodney Hogen claimed the distribution was "conversion." To claim conversion, Rodney Hogen would have to rely on the Trust property already belonging to him. This Court has already rejected the argument that the Trust property belonged to Rodney Hogen, as the Trust did not terminate upon Arline Hogen's death. *Matter of Hogen Trust B*, 2018 ND 117, ¶ 22, 911 N.W.2d 305. Rodney Hogen also claims he is entitled to attorney fees and interest because of an improper exercise of authority and power by the district court. There was no improper exercise of authority or power and Rodney Hogen is not entitled to attorney fees.

V

[¶22] Rodney Hogen argues the district court erred in terminating the Trust, without notice, resulting in a lack of due process.

[¶23] "Whether a trust should be terminated is a mixed question of law and fact." *Matter of the Trust of Pederson*, 2008 ND 210, ¶ 17, 757 N.W.2d 740. "A

8

trust terminates upon its object becoming impossible." *Id*. "Determining whether the purpose of the trust was frustrated is a finding of fact . . . . This Court reviews both conclusions of law and mixed questions of law and fact under the de novo standard of review." *Id*.

[¶24] "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Cockfield v. City of Fargo*, 2019 ND 77, ¶ 17, 924 N.W.2d 403.

[¶25] The order that the Trust would be terminated upon a final settlement and distribution was issued in March 2017. That order was affirmed on appeal. *Matter of Hogen Trust B*, 2018 ND 117, ¶ 42, 911 N.W.2d 305. The final report of distribution and a proposed order to terminate the Trust and discharge the trustees were filed with the district court on June 6, 2019. Rodney Hogen filed his motion for "surcharge of fiduciary and motion for attorney's fees" on June 12, 2019, and made no arguments that the Trust should not be terminated. Rodney Hogen filed his motion under N.D.R.Ct. 3.2, and did not request oral argument. Steven Hogen filed an answer to Rodney Hogen's motion on June 24, 2019. After Rodney Hogen replied on June 26, 2019, the court issued an order denying Rodney Hogen's motion on July 3, 2019. On July 5, 2019, the court issued an order terminating the Trust.

[¶26] Rodney Hogen had an opportunity to be heard. He was aware from the district court's 2017 order that the Trust would be terminated upon a final settlement and distribution. Furthermore, he was again given the opportunity to contest the Trust's termination and only argued he was entitled to additional funds from the Trust. The court did not deny Rodney Hogen's due process rights in terminating the Trust.

## VI

[¶27] Steven Hogen argues he is entitled to additional attorney fees because this appeal is frivolous.

> Rule 38, N.D.R.App.P., authorizes this Court to award just damages and single or double costs including reasonable attorney's fees if the Court determines an appeal is frivolous. An appeal is

9

frivolous when it is flagrantly groundless. Where the appellant's arguments are both factually and legally so devoid of merit that he should have been aware of the impossibility of success on appeal, an assessment of costs and attorney fees is proper. This Court has also stated, when a party seeks more than a token amount of attorney fees, an affidavit documenting the work performed should accompany the request.

*Matter of Emelia Hirsch Trust*, 2017 ND 291, ¶ 14, 904 N.W.2d 740 (citations omitted).

[¶28] Steven Hogen argues this appeal is frivolous because Rodney Hogen knew the attorney fees would be coming from the Trust fund, as he argued in *Matter of Hogen Trust B*, 2018 ND 117, ¶ 21, 911 N.W.2d 305, "Over Rodney's objections, the District Court, relying upon N.D.C.C. § 59-15-09, awarded attorney fees to Steven totaling $401,916.50 from the Trust property, and an additional $10,000.00 for continuing fees and expenses." Rodney Hogen argues this was taken out of context, because of the argument he made in the previous appeal, namely that Arline Hogen's property passed directly to him upon her death.

[¶29] Rodney Hogen's claims do not rise to the level of being frivolous. They are not so devoid of factual and legal merit that he should have been aware of the impossibility of success. We decline to award Steven Hogen attorney fees.

VII

[¶30] We have considered the remaining issues raised by Rodney Hogen and they are either unnecessary to our opinion or without merit. The district court's orders are affirmed.

[¶31] Lisa Fair McEvers
       Jerod E. Tufte
       Jon J. Jensen, C.J.

10

**Crothers, Justice, concurring in part and dissenting in part.**

[¶32] I concur in Parts I and IV-VII of the majority opinion. I respectfully dissent from Parts II and III regarding deduction of more than $208,000 from Rodney Hogen's share of the Trust.

[¶33] In the Parts from which I dissent, the majority affirms the district court's July 3, 2019 Order Denying Motion for Surcharge of Fiduciary and Motion for Attorney Fees. Majority opinion, at ¶¶ 8-20. In that order the district court held, "the Trustee in fact distributed the correct amount to Rodney. The $208,000.00 portion was to be withheld from Rodney's portion, however, the remaining attorney fees were to be equally withheld from remaining Trust property." I believe the district court was wrong both because of the mandate rule and because the district court's prior order said nothing about splitting future fees and did not authorize the Trustee to withhold fees in excess of the amount specifically set aside to pay future fees.

[¶34] On appeal the majority holds in Part II that the district court did not violate the mandate rule because it was merely correcting an ambiguity. Majority opinion, at ¶ 10. I respectfully disagree.

[¶35] I agree the district court has authority to interpret and clarify its orders and judgments. *Id.* But I do not agree with the majority's conclusion that what the district court did here is mere "interpretation" of an ambiguous order. Rather, by denying Rodney Hogen's motion the district court changed the September 14, 2017 order that we affirmed in *Matter of Curtiss A. Hogen Trust B*, 2018 ND 117, 911 N.W.2d 305.

[¶36] The district court's prior order provided:

> "1.    Steven C. Hogen's PETITION FOR APPROVAL OF AMENDED FINAL REPORT AND ACCOUNT is GRANTED.
> 2.    Steven C. Hogen is AWARDED Trustee's fees in the amount of $13,750.00.
> 3.    Steven C. Hogen is AWARDED attorney's fees in the total amount of $401,916.50, $208,000 of which is to be withheld from Rodney Hogen's portion of the Trust assets.

11

4.      Steven C. Hogen is AWARDED litigation associated fees, costs, and expenses in the total amount of $26,325.35.

5.      Steven C. Hogen shall WITH[H]OLD $10,000 for continuing fees and expenses from the Trust property, for payment of ongoing attorney's fees and capital gains taxes on the land sale."

[¶37] The district court's order that this Court affirmed is far from ambiguous—it is clear that $208,000 in attorney's fees could be withheld from Rodney Hogen's share of Trust assets. The order also is clear that an additional $10,000 could be held in Trust property "for continuing fees and expenses" and "for payment of ongoing attorney's fees and capital gains taxes on the land sale." The court's order is only made ambiguous when the majority goes beyond the face of the order and inspects Rodney Hogen's and Steven Hogen's respective arguments leading up to entry of the order. Majority opinion, at ¶ 15. Of course, it is improper to use prior arguments as a divining rod to find ambiguity in a subsequent order. Rather, ambiguity must be found on the face of the order itself. *See Silbernagel v. Silbernagel*, 2007 ND 124, ¶ 10, 736 N.W.2d 441 ("[T]he rules for interpreting judgments mirror the rules for interpreting contracts."); *Flaten v. Couture*, 2018 ND 136, ¶ 15, 912 N.W.2d 330 ("extrinsic evidence may not be used to vary or contradict the terms of the agreement or to create an ambiguity.") (citations omitted).

[¶38] The district court's order here was denominated as "Approval of Final Report and Account." Our disposition of the appeal of that order was expressly premised on the order being the final disposition of a supervised accounting. *Id.* at ¶ 14 ("we conclude we now have jurisdiction to review issues in Rodney Hogen's appeal from an order granting approval of the Trustee's final report and accounting in the supervised administration of this Trust."). Therefore, the "final distribution" was just that—the fixed amount that the Trust was authorized to withhold and distribute from Trust assets. As a result, the Trustee could no more exercise a further set-off against Rodney Hogen's distribution from Trust assets than he could unilaterally increase the amount of fees the district court awarded him for his work on the Trust.

[¶39] I would reverse that part of the district court's order denying Rodney Hogen's motion. I also would direct the district court to order the Trustee to

12

pay Rodney Hogen his share of Trust assets (minus no more than $208,000). Rodney Hogen also is entitled to interest on the amount at the legal rate from the date payment was required under the prior order. These amounts can be determined as a matter of law.

[¶40] Daniel J. Crothers
Gerald W. VandeWalle