VandeWalle, Chief Justice.
 

 [¶ 1] Rodney Hogen appealed from an order granting Steven Hogen's petition for approval of a final report and accounting for the Curtiss A. Hogen Trust B. In his appeal, Rodney Hogen raises multiple issues. For purposes of this decision, we consolidate his issues into four related subjects involving his claims the district court erred in determining the Trust did not immediately terminate upon Arline Hogen's death, the court erred in authorizing the sale of Trust property and ordering an offset of more than $300,000 from his share of the property, the court erred in awarding trustee's fees and attorney's fees, and the court was not impartial. We affirm.
 

 I
 

 [¶ 2] Curtiss and Arline Hogen were married, and they jointly owned farmland in Barnes and Cass Counties. In the 1960s, their son, Rodney Hogen, began farming the land with Curtiss Hogen. When Curtiss Hogen died in 1993, his 1984 will devised
 
 *309
 
 certain personal property to Arline Hogen and devised the remainder of his property, including his roughly one-half undivided interest in the farmland, to the trustee for the Curtiss Hogen Trust B. Curtiss Hogen's will allowed the Trust to continue the farming operation, appointed his two children, Steven and Rodney Hogen, as co-trustees for the Trust, and authorized the trustee to make payments to Arline Hogen during her lifetime of all the Trust's net income and any discretionary payments from principal necessary for her medical care, education, support and maintenance. Curtiss Hogen's will included the following language describing the consequences of the death of the surviving spouse:
 

 Upon the death of the survivor of my said spouse and me, my Trustee shall divide this Trust into equal separate shares so as to provide One (1) share for each then living child of mine and One (1) share for each deceased child of mine who shall leave issue then living.
 

 (a) Each share provided for a living child of mine shall be distributed to such child. Each share provided for a deceased child of mine who shall leave issue then living, shall be distributed by representation to such issue.
 

 [¶ 3] After Curtiss Hogen's death, Rodney Hogen continued farming the land under a cash rent and crop-share arrangement with the Trust and with Arline Hogen, the owner of the other one-half undivided interest in the farmland. Arline Hogen died on March 23, 2007, and her will equally devised all of her property to Steven and Rodney Hogen.
 

 [¶ 4] In April 2007, Steven Hogen initiated informal probate proceedings for Arline Hogen's estate, which led to extensive litigation and this Court's decision in
 
 Estate of Hogen
 
 ,
 
 2015 ND 125
 
 ,
 
 863 N.W.2d 876
 
 . In that case, we rejected Rodney Hogen's argument that his share of Arline Hogen's real property devolved to him immediately upon her death.
 
 Id.
 
 at ¶¶ 26-27. We concluded the district court did not err in determining the devolution of Arline Hogen's real property to Rodney Hogen was subject to the personal representative's power during the administration of her estate to seek a retainer for any noncontingent indebtedness that Rodney Hogen owed her or her estate.
 
 Id.
 
 at ¶¶ 1, 27. Except for a calculation involving some Barnes County land, we concluded that evidence in the record supported the court's findings about the amount Rodney Hogen owed to Arline Hogen and her estate for post-death cash rent, crop-share proceeds, and conservation reserve program payments and that the court's findings about those amounts were not clearly erroneous.
 
 Id.
 
 at ¶ 37. We upheld the court's rejection of the personal representative's claim that Rodney Hogen purloined money from the Trust, stating the court had explained the Trust could bring a direct action against Rodney Hogen for any money allegedly due the Trust.
 
 Id.
 
 at ¶ 40. We held the court did not clearly err in finding Arline Hogen waived any claims for pre-death cash rent and crop-share proceeds owed by Rodney Hogen to her.
 
 Id.
 
 at ¶ 43. We further held the court did not abuse its discretion in awarding Steven Hogen $27,500 in personal representative fees, and ordering payment of $333,272.23 in attorney's fees, costs, and expert witness fees from Arline Hogen's estate.
 
 Id.
 
 at ¶¶ 48, 51.
 

 [¶ 5] Steven Hogen thereafter petitioned the district court for the supervised administration of the Trust to compel an accounting and recover an offset against Rodney Hogen's share of the Trust for claimed breaches of fiduciary duties to the Trust, to void deeds unilaterally issued by
 
 *310
 
 Rodney Hogen as co-trustee to himself, to remove Rodney Hogen as co-trustee, and for injunctive relief preventing Rodney Hogen from contacting or receiving rent from renters of the Trust land.
 

 [¶ 6] On cross-motions for summary judgment, the district court granted Steven Hogen partial summary judgment, ruling the Trust did not automatically and immediately terminate upon Arline Hogen's death. The court construed the Trust language, explaining the Trust did not explicitly say when it would terminate and included language requiring the trustee to divide and distribute the Trust property upon the death of the surviving spouse. The court explained the Trust's purposes were to provide income and support to Arline Hogen during her lifetime and to equally divide and distribute the corpus of the Trust among Curtiss Hogen's then-living children or issue upon the surviving spouse's death. The court concluded the entire fulfillment of the Trust objective had not yet been achieved because the Trust property had not been properly divided into equal shares and distributed. The court rejected Rodney Hogen's arguments that the Trust immediately terminated on Arline Hogen's death, that the trustee's claims were barred by the statute of limitations, and that Rodney Hogen's deeds to himself as co-trustee were ministerial acts.
 

 [¶ 7] The district court thereafter entered an interim order for supervised administration of the Trust, in part to avoid a "plethora of appeals" and piecemeal litigation. The court also denied Steven Hogen's interim request to suspend Rodney Hogen as co-trustee and enjoined the brothers from executing any documents on behalf of the Trust without the agreement and signature of both co-trustees.
 

 [¶ 8] After a bench trial, the district court found that Rodney Hogen breached certain fiduciary duties and obligations to the Trust and that he owed the Trust $305,961.65 for the fiduciary breaches and for purloined assets. The court permanently suspended Rodney Hogen as co-trustee of the Trust and ordered Steven Hogen, as the remaining trustee, to divide and allocate the Trust property for the benefit of the Trust and the co-beneficiaries. The court authorized Steven Hogen to sell sufficient Trust property in a commercially reasonable manner to pay outstanding mortgages, debts, and encumbrances on Trust land, to pay the Trust's attorney's fees, and to pay equal shares to the co-beneficiaries with $305,961.65 first offset from Rodney Hogen's share of the Trust property. Rodney Hogen appealed.
 

 [¶ 9] Because the court explicitly reserved a decision on issues about the amount of awarded fees, we temporarily remanded Rodney Hogen's appeal for consideration of Steven Hogen's petition for approval of a final trustee's report and request for trustee's fees and attorney's fees. On remand, the district court granted Steven Hogen's petition for approval of the trustee's final report and awarded trustee's fees in the amount of $13,750, attorney's fees in the total amount of $401,916.50, with $208,000 withheld from Rodney Hogen's share of Trust assets, and associated litigation fees, costs, and expenses in the amount of $26,325.35. The court also directed Steven Hogen to withhold $10,000 from Trust property for continuing fees and expenses and payment of ongoing attorney's fees and capital gains taxes on the land sale. Rodney Hogen also appealed from that order.
 

 II
 

 [¶ 10] We initially discuss an issue about appealability in trust proceedings to address the application of our finality jurisprudence to these proceedings.
 

 *311
 
 The right to appeal in this state is purely statutory, and if there is no statutory basis for an appeal, we must dismiss it for lack of jurisdiction.
 
 In re Estate of Hollingsworth
 
 ,
 
 2012 ND 16
 
 , ¶ 7,
 
 809 N.W.2d 328
 
 . Only judgments and decrees constituting a final judgment of the rights of the parties and certain orders enumerated by statute are appealable.
 
 Investors Title Ins. Co. v. Herzig
 
 ,
 
 2010 ND 138
 
 , ¶ 23,
 
 785 N.W.2d 863
 
 .
 
 See
 

 Matter of Admin. by Mangnall
 
 ,
 
 1997 ND 19
 
 , ¶ 18,
 
 559 N.W.2d 221
 
 (stating policy of discouraging piecemeal litigation and requiring complete accounting of trustee's responsibilities). Our two-step framework for analyzing finality and our jurisdiction in appeals involving unadjudicated claims remaining to be resolved by a district court is well established:
 

 "First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28-27-02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), N.D.R.Civ.P., [if applicable,] must be complied with. If it is not, we are without jurisdiction."
 

 Matter of Estate of Stensland
 
 ,
 
 1998 ND 37
 
 , ¶ 10,
 
 574 N.W.2d 203
 
 (quoting
 
 Gast Constr. Co., Inc. v. Brighton P'ship
 
 ,
 
 422 N.W.2d 389
 
 , 390 (N.D. 1988) (citations omitted) ).
 

 The purpose of N.D.R.Civ.P. 54(b) is to facilitate our longstanding policy to discourage piecemeal appeals of multi-claim or multi-party litigation. Under N.D.R.Civ.P. 54(b), the district court is authorized to enter a final judgment adjudicating fewer than all claims of all parties when the court expressly concludes there is no just reason for delay and expressly directs the entry of judgment.
 

 Hollingsworth
 
 , at ¶ 9 (quoting
 
 Investors Title
 
 , at ¶¶ 23-24 ).
 

 [¶ 11] Our current statutory provisions for judicial proceedings involving the administration of trusts were enacted in 2007. N.D. Sess. Laws ch. 549, §§ 15-25.
 
 See
 

 Matter of Bradley K. Brakke Trust
 
 ,
 
 2017 ND 34
 
 , ¶¶ 13, 15,
 
 890 N.W.2d 549
 
 . Under N.D.C.C. § 59-10-01 [ Uniform Trust Code § 201 ], a court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law and a judicial proceeding may relate to any matter involving the trust's administration, including a request for instruction and an action to declare rights.
 
 See
 

 Brakke
 
 , at ¶¶ 15, 20 (recognizing that N.D.C.C. §§ 30.1-02-01(5) and 30.1-02-02 [ Uniform Probate Code §§ 1-301 and 1-302 ] state the Uniform Probate Code generally applies to trusts subject to administration in this state and that the district court has jurisdiction over subject matter relating to trusts). Under those statutory provisions, "[a] trust is not subject to continuing judicial supervision unless ordered by the court." N.D.C.C. § 59-10-01(2).
 

 [¶ 12] Here, Steven Hogen's petition sought an order for supervised administration of the Trust and all orders necessary to accomplish a complete settlement and distribution of the Trust. The district court granted Steven Hogen's request for supervised administration of the Trust to avoid a "plethora of appeals" and piecemeal litigation. Rodney Hogen's initial appeal in this Trust proceeding was from a decision issued before the court approved the trustee's final report, and his second appeal after our temporary remand was from an order approving the trustee's final report.
 

 [¶ 13] In the context of finality for appeals in the probate of estates, we have distinguished between unsupervised and supervised administration of estates:
 

 *312
 
 In an unsupervised probate, "each proceeding before the court is independent of any other proceeding involving the same estate." N.D.C.C. § 30.1-12-07 ;
 
 see also
 

 In re Estate of Stensland
 
 ,
 
 1998 ND 37
 
 , ¶ 14,
 
 574 N.W.2d 203
 
 . "Because each proceeding in an unsupervised probate is considered independent of other proceedings involving the same estate, there need be finality, for purposes of appealability, only as to the proceeding being appealed, not as to the entire estate."
 
 In re Estate of Hass
 
 ,
 
 2002 ND 82
 
 , ¶ 7,
 
 643 N.W.2d 713
 
 . When interrelated claims have not all been resolved, the order or judgment is not final for review.
 
 Stensland
 
 , at ¶ 14. " 'Thus, in an unsupervised probate, an order settling all claims of one claimant is final, even if there are pending claims by other claimants.' "
 
 In re Estate of Eggl
 
 ,
 
 2010 ND 104
 
 , ¶ 7,
 
 783 N.W.2d 36
 
 (quoting
 
 Schmidt v. Schmidt
 
 ,
 
 540 N.W.2d 605
 
 , 607 (N.D. 1995) ).
 

 However, supervised administration "is a single in rem proceeding to secure complete administration and settlement of a decedent's estate under the continuing authority of the court which extends until entry of an order approving distribution of the estate and discharging the personal representative, or other order terminating the proceeding." N.D.C.C. § 30.1-16-01. "In a supervised administration, an order entered before approval of distribution of the estate and discharge of the personal representative is not final and cannot be appealed without [certification under N.D.R.Civ.P. 54(b) ]."
 
 In re Estate of Starcher
 
 ,
 
 447 N.W.2d 293
 
 , 296 (N.D. 1989).
 

 In re Estate of Grengs
 
 ,
 
 2015 ND 152
 
 , ¶¶ 18-19,
 
 864 N.W.2d 424
 
 .
 

 [¶ 14] Under N.D.C.C. § 59-10-01(2), a trust is not subject to continuing judicial supervision unless ordered by the court. Here, the district court granted Steven Hogen's petition for supervised administration of the Trust and ultimately issued an order granting his petition for approval of the trustee's final report and accounting. We need not fully delineate issues about appealability for every conceivable court proceeding involving a trust. Rather, we conclude we now have jurisdiction to review issues in Rodney Hogen's appeal from an order granting approval of the trustee's final report and accounting in the supervised administration of this Trust.
 

 III
 

 [¶ 15] Rodney Hogen argues the co-trustees had no administrative powers over the Trust land after Arline Hogen's death on March 23, 2007, because the Trust immediately terminated as a matter of law upon her death and he and Steven Hogen automatically became fully vested owners of the land as tenants in common. He asserts that after Arline Hogen's death, the trustees had only limited powers appropriate for winding up of trust affairs and did not have authority to prevent title to the land from immediately vesting in the remaindermen.
 

 [¶ 16] The district court decided this issue by summary judgment, a procedural method to promptly resolve a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that reasonably can be drawn from undisputed facts, or if the only issue to be resolved is a question of law.
 
 Holverson v. Lundberg
 
 ,
 
 2016 ND 103
 
 , ¶ 12,
 
 879 N.W.2d 718
 
 . Whether a district court properly granted summary judgment is a question of law, which we review de novo on the entire record.
 

 Id.
 

 [¶ 17] Under statutory provisions existing when Curtiss Hogen executed his will in 1984 and when Arline Hogen died in 2007, a trust was extinguished "by the
 
 *313
 
 entire fulfillment of its object or upon its object becoming impossible or unlawful" and the trustee's estate ceased "[w]hen the purpose for which an express trust was created cease[d]." N.D.C.C. §§ 59-02-17 and 59-03-20 (repealed by 2007 N.D. Sess. Laws ch. 549, § 27).
 
 See also
 
 N.D.C.C. § 59-12-10 [ Uniform Trust Code § 410 ] (describing current provisions for termination of trust to include when trust is revoked or expires under its terms, when no purpose remains to be achieved, or when the purposes have become unlawful or impossible to achieve). Our former and present statutory provisions are consistent with the Restatement (Third) of Trusts § 61 (2003), which provides that a trust terminates upon the expiration of a period of time or the occurrence of an event as provided by the language of the trust, and in the absence of language specifying a termination date, termination occurs when the object or purpose of the trust is accomplished.
 
 See also
 
 Mary F. Radford, George Gleason Bogert, and George Taylor Bogert,
 
 The Law of Trusts and Trustees
 
 § 996 (3rd ed. 2006) ; 5 Austin Wakeman Scott, William Franklin Fratcher, and Mark L. Ascher,
 
 Scott on Trusts
 
 § 33.1 (5th ed. 2008).
 

 [¶ 18] The common thread for determining when a trust terminates involves construing the language of the trust. Our primary goal in construing a trust is to ascertain the settlor's intent.
 
 Langer v. Pender
 
 ,
 
 2009 ND 51
 
 , ¶ 13,
 
 764 N.W.2d 159
 
 . General rules for interpreting written documents apply to the interpretation of trust instruments.
 
 Id.
 
 at ¶ 14. Chapter 9-07, N.D.C.C., governs contract interpretation. Under N.D.C.C. § 9-07-02, a contract's language governs its interpretation "if the language is clear and explicit and does not involve an absurdity." "The whole of a contract is to be taken together so as to give effect to every part if reasonably practicable. Each clause is to help interpret the others." N.D.C.C. § 9-07-06. Interpretation of a document is a question of law when the intent can be ascertained from the document alone.
 
 Alerus Financial, N.A. v. Western State Bank
 
 ,
 
 2008 ND 104
 
 , ¶ 19,
 
 750 N.W.2d 412
 
 .
 

 [¶ 19] The Trust states that during the surviving spouse's lifetime, the trustee shall pay that spouse the Trust's net income and may use the Trust's principal to make discretionary payments necessary for medical care, education, support and maintenance. The Trust provides that "[u]pon the death of the surviv[ing] ... spouse," the trustee "shall divide this Trust into equal separate shares" to provide one share for each then-living child and one share for each deceased child with then-living issue. The Trust further states each share for a living child shall be distributed to that child and each share for a deceased child with then-living issue shall be distributed by representation to the issue. The Trust also includes broad language describing the trustee's powers and authorizing the trustee to retain or exchange properties, to sell or dispose of any property, to encumber or mortgage any asset for a term extending beyond the term of the Trust, to enter a lease beyond the term of the Trust, to employ and compensate agents, accountants, or attorneys for the proper administration of the Trust, to make payment in cash or in kind upon any division or distribution of the Trust estate, and to continue and materially participate in any farming operation.
 

 [¶ 20] The Trust does not include language stating a specific date or event when the Trust would terminate.
 
 See
 

 In re Montgomery
 
 ,
 
 144 N.W.2d 382
 
 , 384-86 (N.D. 1966) (citing language that trustees shall continue to operate trust estate "for the period of fifteen years" and if necessary for the benefit of the beneficiaries, for
 
 *314
 
 a period of twenty years from its inception; stating only purpose of trust was to provide income to named beneficiaries and if all beneficiaries died within time period, trust would end at death of last beneficiary).
 
 See also
 

 Hamel v. Hamel
 
 ,
 
 296 Kan. 1060
 
 ,
 
 299 P.3d 278
 
 , 284-85 (2013) (construing trust language and affirming decision that trust did not terminate immediately upon death);
 
 Loco Credit Union v. Reed
 
 ,
 
 85 N.M. 729
 
 ,
 
 516 P.2d 1112
 
 , 1116 (1973) (indicating written agreement failed to state date of termination and trust continues until purposes have been accomplished);
 
 Soefje v. Jones
 
 ,
 
 270 S.W.3d 617
 
 , 630-31 (Tex.Ct.App. 2008) (stating that where trust does not specify particular date or event for termination, trust may be terminated if the purposes of the trust have been fulfilled).
 

 [¶ 21] In the absence of any language identifying a specific termination date or an event when the Trust would terminate, termination occurs when the object or purpose of the trust is accomplished. Here, one object of the Trust was to provide for the surviving spouse, Arline Hogen, during her lifetime. However, the Trust language also evidences an intent that the ultimate division of Trust property into equal separate shares and distribution of the equal separate shares was an object of Curtiss Hogen's 1984 testamentary plan and the entire fulfillment of that object was not achieved until the property was divided into equal separate shares and the equal separate shares were distributed. The Trust language also authorizes the trustee to make payments in cash or in kind upon any division or distribution of the Trust estate without regard to the income tax basis and to value and appraise any asset and to distribute any asset in kind at its appraised value. That authority for the division and distribution of Trust property is not limited to consideration of income tax consequences and evidences an intent that the division into equal separate shares involved more than a ministerial duty. The Trust language requiring the trustee to divide the Trust into equal separate shares belies an intent to vest immediate ownership of the Trust in the beneficiaries as tenants in common.
 
 See
 

 Volson v. Volson
 
 ,
 
 542 N.W.2d 754
 
 , 756 (N.D. 1996) (stating chief attribute of tenancy in common is unity of possession by joint owners, with each sharing a common right to possession of entire interest and separate claim to fractional interest of property and generally each tenant in common is equally entitled to use, benefit, and possession of common property). The Trust language contemplates accounting for the remaining Trust property after the surviving spouse's death, including any principal that may not have been dissipated during that spouse's lifetime for necessary medical care, education, support and maintenance, and dividing the remaining property into equal separate shares for distribution to Curtiss Hogen's children, or his children's issue by representation. The Trust does not provide an explicit time frame for the division of Trust property into equal separate shares and subsequent distribution of the shares. Rodney and Steven Hogen were named as co-trustees of the Trust and nothing in the Trust precluded them from taking earlier steps to effectuate the division of the Trust estate into equal separate shares and the distribution of those shares.
 

 [¶ 22] We conclude the plain language of the Trust, when read together with the broad authority conferred upon the trustee, contemplates further and continuing action after the surviving spouse's death to effectuate a division of the Trust property into equal separate shares and distribution of those shares. When the Trust language is construed together as a whole, we reject Rodney Hogen's argument the Trust land
 
 *315
 
 passed immediately to him and Steven Hogen as tenants in common upon Arline Hogen's death.
 

 [¶ 23] We rejected Rodney Hogen's similar argument in the context of his appeal in the probate of Arline Hogen's estate. In
 
 Estate of Hogen
 
 ,
 
 2015 ND 125
 
 , ¶¶ 1, 27,
 
 863 N.W.2d 876
 
 , we construed the probate code and rejected Rodney Hogen's argument that Arline Hogen's real property immediately devolved to him upon her death. We held the property was subject to the personal representative's power during the administration of the estate. The issues in
 
 Hogen
 
 involved statutory interpretation and claims about Rodney Hogen's obligations and duties to Arline Hogen's estate; here, the issues involve the interpretation of the Trust and claims about his obligations and duties to the Trust. We conclude the district court did not err in construing the plain language of the Trust and in determining the Trust did not terminate immediately upon Arline Hogen's death. To the extent Rodney Hogen raises other arguments premised on his claim the Trust land passed to him and Steven Hogen as tenants in common immediately upon Arline Hogen's death, we reject those arguments.
 

 IV
 

 [¶ 24] Rodney Hogen argues the district court erred in deciding the Trust had choses in action against him for $305,961.65. He asserts the court should have rejected Steven Hogen's claim he purloined $23,329.75 from the Trust for certain claims before and after Arline Hogen's death. He also asserts: (1) Steven Hogen did not have standing to question any financial transactions between Rodney and Arline Hogen before her death; (2) the Trust's claims for conduct before Arline Hogen's death were barred by res judicata or collateral estoppel; (3) all claims that Rodney Hogen breached fiduciary duties are barred by the statute of limitations in N.D.C.C. §§ 28-01-16 or 59-18-05 ; (4) Rodney Hogen did not breach any fiduciary duties as a trustee after Arline Hogen's death; (5) any accounting by Rodney Hogen should be limited to the 2007 crop year; (6) the district court clearly erred in determining the amount of the chose in action; and (7) his land should not have been sold to pay the chose in action. He further claims the sale of land was not conducted in a commercially reasonable manner.
 

 [¶ 25] Issues pertaining to the probate of Arline Hogen's estate culminated in extensive estate litigation and this Court's decision in
 
 Hogen
 
 ,
 
 2015 ND 125
 
 ,
 
 863 N.W.2d 876
 
 . Arline Hogen and the Trust were the co-owners of the farmland involved in this case and Steven Hogen petitioned for an accounting and final settlement of the Trust after this Court's decision in
 
 Hogen
 
 . After Arline Hogen's death, Steven and Rodney Hogen, as co-trustees, generally continued to use the Trust land without dividing the property into equal separate shares and distributing the property. Steven Hogen was always a co-trustee and the language of the Trust authorized him to raise Trust issues pertaining to transactions involving the Trust before and after Arline Hogen's death. Arline Hogen may have reconciled some of those issues as they pertain to her estate,
 
 see
 

 Hogen
 
 , at ¶ 42, but that reconciliation for Rodney Hogen's legal obligations and duties to her and her estate do not control his separate legal obligations and duties to the Trust and those issues are not res judicata as to the Trust.
 
 See
 

 Ungar v. N.D. State Univ.
 
 ,
 
 2006 ND 185
 
 , ¶¶ 10-12,
 
 721 N.W.2d 16
 
 (stating that res judicata prevents relitigation of claims that were raised, or could have been raised in prior actions between the same parties or their
 
 *316
 
 privies and that privity exists if a person is so identified in interest that he represents the same legal right);
 
 Mangnall
 
 ,
 
 1997 ND 19
 
 , ¶ 13,
 
 559 N.W.2d 221
 
 (stating if a court expressly reserves a party's right to maintain another claim, a prior judgment is not res judicata as to the reserved claim). In
 
 Hogen
 
 , at ¶ 40, this Court concluded the district court did not err in declining to address a claim against Rodney Hogen about purloined money from the Trust after recognizing the Trust could bring a direct action against Rodney Hogen for any money allegedly due the Trust. That direction in the estate proceeding further buttresses our conclusion that the Trust was not barred from bringing this claim for purloined money in this proceeding.
 

 [¶ 26] Rodney Hogen argues all claims that he breached fiduciary duties to the Trust are barred by the statute of limitations in N.D.C.C. §§ 28-01-16 or 59-18-05(3). He argues the Trust terminated on the date of Arline Hogen's death in March 2007, and the Trust's breach of fiduciary duty claims against him in 2015 were barred by the six-year statute of limitations in N.D.C.C. § 28-01-16, or by the five-year statute of limitations in N.D.C.C. § 59-18-05(3).
 

 [¶ 27] Claims governed by N.D.C.C. § 28-01-16 must be brought within six years after the claim for relief accrued, and claims under N.D.C.C. § 59-18-05(3) must be brought within five years of the termination of the beneficiaries' interest in a trust, or the termination of the trust. Under N.D.C.C. § 28-01-16, a cause of action does not accrue until the aggrieved party discovers facts constituting the basis for the claim.
 
 Hebron Pub. Sch. Dist. v. U.S. Gypsum Co.
 
 ,
 
 475 N.W.2d 120
 
 , 126 (N.D. 1991). Rodney Hogen's argument is premised on his assertion that the Trust immediately terminated upon the date of Arline Hogen's death. Rodney Hogen does not assert there were trustee reports to trigger the operation of the statute of limitations under N.D.C.C. § 59-18-05(1), nor has he marshaled a separate argument about when Steven Hogen discovered facts constituting the basis for a claim. We have rejected Rodney Hogen's argument that the Trust immediately terminated upon Arline Hogen's death, and we also reject his argument that the trustee's claims were barred by the statute of limitations under N.D.C.C. §§ 28-01-16 and 59-18-05(3).
 

 [¶ 28] Rodney Hogen argues the district court clearly erred in deciding that the Trust had choses in action against him for $305,961.65 for breaches of fiduciary duties and that the Trust was entitled to an offset from his share of Trust property for those breaches. He argues he did not breach any fiduciary duties as a trustee after Arline Hogen's 2007 death and his accounting to the Trust should be limited to the 2007 crop year. He also claims the court's determination of the amount of the offset is clearly erroneous.
 

 [¶ 29] To the extent Rodney Hogen's arguments are premised on his claim the Trust immediately terminated upon Arline Hogen's death, we reject those claims. The district court decided the issues about the offsets for breaches of fiduciary duties after a bench trial. A trustee generally is liable to a trust for breach of fiduciary duties.
 
 See
 
 N.D.C.C. §§ 59-18-01 and 59-18-02.
 
 See also
 

 Mangnall
 
 ,
 
 1997 ND 19
 
 , ¶ 11,
 
 559 N.W.2d 221
 
 (discussing trustee's fiduciary duty to administer trust for benefit of beneficiaries). Whether there has been a breach of a fiduciary duty is a question of fact, subject to the clearly erroneous rule under N.D.R.Civ.P. 52(a).
 
 See
 

 Matter of John T. Gassmann GST Trust
 
 ,
 
 2017 ND 232
 
 , ¶¶ 11-12, 902,
 
 902 N.W.2d 723
 
 ;
 
 Matter of Estate of Vendsel
 
 ,
 
 2017 ND 71
 
 , ¶ 12,
 
 891 N.W.2d 750
 
 . A finding of fact
 
 *317
 
 is clearly erroneous under N.D.R.Civ.P. 52(a) if it is induced by an erroneous view of the law, if no evidence supports the finding, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made.
 
 Gassmann
 
 , at ¶ 11.
 

 [¶ 30] The district court found Rodney Hogen "systematically and continuously breached his duties as a cotrustee to the Trust, by purloining trust assets for himself, as well as by engaging in self-dealing and mishandling of Trust corpus for his own benefit." The court explained "[e]ach year, Rodney [Hogen] would structure a crop-share or other rental agreement with the Trust and/or the Estate, and then either not fully pay the entity or, worse, play a shell game with Trust assets, proceeds, and other monies as a subterfuge of his breaches." The court determined his "accounting and dealings with the Trust, to borrow a term-of-art from ... the Estate litigation, were 'loose,' " and "[e]ventually, [he] simply stopped paying into the Trust and Estate outright, despite being a tenant." The court also found Steven Hogen did not breach a duty as co-trustee and took reasonable steps to rectify Rodney Hogen's breaches and improper conduct once it was known to him. The court determined that for the crop years 2004 through 2016, Rodney Hogen's fiduciary breaches damaged the Trust in the amount of $282,631.90, including interest, and that Rodney Hogen purloined $23,329.75 from the Trust checking account for his benefit.
 

 [¶ 31] Evidence in this record supports the district court's findings that in his capacity as a co-trustee, Rodney Hogen breached his fiduciary duties to the Trust and that the breaches resulted in damages to the Trust. We are not left with a definite and firm conviction the court made a mistake, and we therefore conclude the court did not clearly err in finding Rodney Hogen breached fiduciary duties to the Trust and purloined money from the Trust checking account and in determining the amount to be offset from his share of the Trust.
 

 [¶ 32] Rodney Hogen argues his land should not have been sold to satisfy the offset against his share of the Trust.
 

 [¶ 33] We have previously rejected Rodney Hogen's claim the land immediately passed to him upon Arline Hogen's death. The Trust authorized the trustee to sue on and otherwise deal with claims in favor of the Trust estate, to make payments in cash or in kind upon any division of the Trust estate, and to sell or dispose of the Trust estate as the trustee may deem best. Moreover, the district court had authority under N.D.C.C. § 59-18-01(2) to order the sale of Trust land to pay outstanding mortgages, debts, and encumbrances on the Trust's debts to effectuate an equal separate division and distribution of the Trust estate. The court ordered the sale of land in the context of settling Trust debts and winding up the Trust, and we reject Rodney Hogen's claim the court lacked authority to order the sale of Trust property.
 

 [¶ 34] Rodney Hogen claims the allocation of land and proceeds from the sale of land was unfair and inequitable to him. He argues the sale of land was not conducted in a commercially reasonable manner. The district court authorized the sale of land to pay debts against the land, to pay trustee's and attorney's fees, and to effectuate and allocate an equal separate division and distribution of the property between Rodney and Steven Hogen in the context of a final settlement of a trust. The land sale was to effectuate that division and distribution of the Trust estate and was not a partition sale or sale upon execution.
 

 *318
 
 The court determined the allocation of Trust property was fair and proper and the sale was appropriate.
 

 [¶ 35] We review a district court's decision to approve a final report under the abuse-of-discretion standard.
 
 See
 

 In re Estate of Haugen
 
 ,
 
 2011 ND 28
 
 , ¶ 15,
 
 794 N.W.2d 448
 
 . "A court abuses its discretion 'when it acts in an arbitrary, unconscionable, or unreasonable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.' "
 
 Hogen
 
 ,
 
 2015 ND 125
 
 , ¶ 45,
 
 863 N.W.2d 876
 
 (
 
 quoting
 

 Estate of Shubert
 
 ,
 
 2013 ND 215
 
 , ¶ 27,
 
 839 N.W.2d 811
 
 ).
 

 [¶ 36] We reject Rodney Hogen's claim the sale of the Trust estate was not done in a reasonable manner under the circumstances of this case. Evidence in this record supports the division and distribution of the Trust property. We conclude the district court's decision to approve the trustee's final report did not misapply or misinterpret the law, was not arbitrary, unconscionable, or unreasonable, and was the product of a rational mental process leading to a reasoned determination. We therefore conclude the court did not abuse its discretion in approving the final report for the allocation of Trust property and the sale of the land.
 

 V
 

 [¶ 37] Rodney Hogen argues Steven Hogen was not entitled to trustee's fees and the district court should have denied the request for attorney's fees.
 

 [¶ 38] The district court awarded Steven Hogen: (1) $13,750 from Trust property for trustee's fees; (2) $401,916.50 from Trust property for attorney's fees with $208,000 withheld from Rodney Hogen's portion of Trust assets; (3) $26,325.35 from Trust property for litigation fees, costs, and expenses; and (4) $10,000 from Trust property for continuing fees and expenses.
 

 [¶ 39] A trustee is generally entitled to compensation for services rendered to a trust and for reimbursement of attorney's fees properly incurred in connection with administration of the trust for the benefit of the estate.
 
 See
 

 In re Reynolds' Will
 
 ,
 
 85 N.W.2d 553
 
 , 563-64 (N.D. 1957) ;
 
 Raszler v. Raszler
 
 ,
 
 81 N.W.2d 120
 
 , 123-24 (N.D. 1957). We review a district court's decision on these issues under the abuse-of-discretion standard.
 
 See
 

 Hogen
 
 ,
 
 2015 ND 125
 
 , ¶ 50,
 
 863 N.W.2d 876
 
 ;
 
 Reynolds
 
 , at 564. On this record, we conclude the court's award of trustee's fees and attorney's fees was not arbitrary, capricious, or unreasonable, was not a misinterpretation or misapplication of the law, and was the product of a rational mental process leading to a reasoned determination. We therefore conclude the court's award of these fees in this case was not an abuse of discretion.
 

 VI
 

 [¶ 40] Rodney Hogen argues the district court did not act impartially toward him because of claimed ex parte communications and interference with deliberations by Steven Hogen's counsel.
 

 [¶ 41] In another context, we have identified ex parte communications as communications " 'without notice and opportunity for all parties to participate in the communication.' "
 
 Kraft v. N.D. State Bd. of Nursing
 
 ,
 
 2001 ND 131
 
 , ¶ 44,
 
 631 N.W.2d 572
 
 (quoting N.D.C.C. § 28-32-12.1). This record reflects the claimed ex parte communications cited by Rodney Hogen were communications filed by opposing counsel under the Odyssey electronic filing system with a designation for copies to Rodney Hogen's counsel. This record does not reflect those communications were ex parte
 
 *319
 
 communications, and we reject Rodney Hogen's argument that the court's adverse rulings establish judicial bias or partiality.
 
 See
 

 Holkesvig v. Welte
 
 ,
 
 2012 ND 14
 
 , ¶ 7,
 
 809 N.W.2d 323
 
 (stating adverse rulings alone are not evidence of judicial bias or partiality).
 

 VII
 

 [¶ 42] We have considered the remaining issues raised by Rodney Hogen and they are either unnecessary for our decision or without merit. We affirm the order approving Steven Hogen's final report and accounting.
 

 [¶ 43] Gerald W. VandeWalle, C.J.
 

 Jerod E. Tufte
 

 Daniel J. Crothers
 

 Lisa Fair McEvers
 

 Jon J. Jensen