# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 17

Marby Hogen and Susan Hogen,

Plaintiffs and Appellants

v.

Steven C. Hogen, as Personal Representative
of the Estate of Arline H. Hogen, Deceased;
Steven C. Hogen, as Trustee of the Curtiss
A. Hogen Trust B, as created under the Last
Will and Testament of Curtiss A. Hogen; and
Steven C. Hogen, individually,

Defendants and Appellees

No. 20180143

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Jay A. Schmitz, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Jonathan T. Garaas, Fargo, N.D., for plaintiffs and appellants.

Sara K. Sorenson (argued) and Robert G. Hoy (on brief), West Fargo, N.D., for defendants and appellees.

**Hogen v. Hogen**

**No. 20180143**

**Tufte, Justice.**

[¶1]   Marby and Susan Hogen appeal from a summary judgment in their quiet title action after the district court determined their interest in certain land was inferior to the interests of the Curtiss A. Hogen Trust B and the Estate of Arline Hogen. Marby and Susan Hogen argue the district court erred in not quieting title to the land in them. We affirm.

I

[¶2]   At issue in this appeal is an interest in about 737 acres of farmland in Barnes and Cass Counties. Curtiss and Arline Hogen were married and jointly owned the farmland. In the 1960s, their son, Rodney Hogen, began farming the land with Curtiss Hogen. Curtiss Hogen died in 1993, and his will distributed his undivided one-half interest in the farmland to the Curtiss A. Hogen Trust B, with Arline Hogen designated as the recipient of the net income from the Trust. Curtiss Hogen's will appointed his two children, Steven and Rodney Hogen, as co-trustees of the Trust and authorized the Trust to continue the farming operation. Rodney Hogen continued farming the land under a cash rent and crop-share agreement with the Trust and with Arline Hogen, the owner of the other undivided one-half interest in the farmland.

[¶3]   Arline Hogen died in March 2007, and her will equally devised all her property to Steven and Rodney Hogen. Steven Hogen was appointed personal representative of Arline Hogen's Estate, and during the probate of her estate, a dispute arose about the financial obligations and arrangements for the farming operation and the ownership of the farmland. Those disputes culminated in two prior appeals to this Court involving Steven and Rodney Hogen and the property interests held by the Estate of Arline Hogen and by the Curtiss A. Hogen Trust B. *In re Curtiss A. Hogen Trust B*, 2018 ND 117, 911 N.W.2d 305; *In re Estate of Hogen*, 2015 ND 125, 863 N.W.2d 876.

[¶4]    In *Estate of Hogen*, 2015 ND 125, ¶¶ 8-27, 863 N.W.2d 876, this Court rejected Rodney Hogen's argument that his share of his mother's land vested in him by operation of law immediately upon her death and held his interest in that land was subject to probate administration and a retainer action by Steven Hogen as personal representative of the Estate. We held that Rodney Hogen's cash rent and crop-share obligations to his mother's estate were a noncontingent indebtedness subject to probate administration and a retainer claim in the administration of her estate. *Id.* at ¶¶ 13-27. We explained a personal representative's authority over title to a decedent's property was subject to estate administration and a devisee's title to the property was subject to administration and remained encumbered as long as the estate was in administration or subject to further administration. *Id.* We concluded a devisee's right to a decedent's property was subject to administration by a personal representative, which may continue until termination of the personal representative's appointment or execution of an instrument or deed of distribution. *Id.* at ¶ 25.   We concluded a devisee's title to a decedent's property was encumbered as long as the estate was subject to administration. *Id.* at ¶¶ 26-27.

[¶5]    In *Hogen Trust*, 2018 ND 117, ¶¶ 15-23, 911 N.W.2d 305, we rejected Rodney Hogen's arguments that his father's trust immediately terminated as a matter of law upon Arline Hogen's death and that he and Steven Hogen automatically became fully vested owners of the land as tenants in common upon her death. We concluded the plain language of the Trust contemplated further and continuing action after the surviving spouse's death to effectuate a division of the Trust property into equal shares. *Id.*  We held the evidence supported the district court's decision that the Trust was entitled to an offset against Rodney Hogen's share of the Trust property for his breaches of fiduciary duties to the Trust. *Id.* at ¶¶ 24-36.

[¶6]    After the probate court issued an order approving the final accounting and settlement in the probate of Arline Hogen's estate in 2013 and before this Court's decision in *Estate of Hogen*, 2015 ND 125, 863 N.W.2d 876, Rodney Hogen and his wife, Susan Hogen, executed quit claim deeds in February 2014, granting all their

2

right, title, and interest in the tracts of land to their daughter, Marby Hogen, while reserving a life estate for themselves. In June 2017, Marby and Susan Hogen brought this quiet title action against Steven Hogen personally and as personal representative of the Estate and as trustee of the Trust to quiet their title to the land described in the February 2014 quit claim deeds. In June 2017, lis pendens were filed against the land in the recorder's offices in Barnes and Cass Counties, giving notice of the pending quiet title action.

[¶7] In October 2017, the district court ordered cancellation of the lis pendens. In March 2018, the district court granted Steven Hogen's motion for summary judgment, explaining the interests of Marby and Susan Hogen depended on whatever interest their grantor, Rodney Hogen, had in the farmland and that inquiry required separate analyses of his interests in the property held by the Estate and held by the Trust.

[¶8] In addressing the property held by the Estate, the district court relied extensively on *Estate of Hogen* and ruled the Estate's power over the title to the land during the administration of the Estate was an encumbrance upon Rodney Hogen's title and interest as an heir and was superior to any interest of Marby and Susan Hogen in the land. The court concluded any conveyance of the Estate's interest in the land to a third party extinguished the interests of Marby and Susan Hogen in the land. The court rejected their argument that administration of the Estate was complete upon entry of the probate court's order approving the final settlement of the Estate in 2013, because the Estate was still being administered under court order and Steven Hogen remained the duly appointed personal representative of the Estate. The court concluded:

> Steve Hogen, in his capacity as personal representative of the Estate of Arline Hogen, is entitled to summary judgment as a matter of law because administration of the estate is ongoing, and during administration Steven's power over the title to the estate's real property embraces all possible transactions which might result in a conveyance or encumbrance of the estate's real property. *Estate of Hogen*, 2015 ND 125 ¶ 20. Steven's power over title is an encumbrance upon Rodney Hogen's title to that property as an heir of the estate (*id*. at ¶ 26). Until administration of the estate is finalized in accordance with the orders

3

of the Cass County District Court, the personal representative's plenary power over the title to all of the estate's real property is superior to any right, title, or interest of Rodney Hogen, and therefore superior to any right, title, or interest that Marby or Susan Hogen acquired by and through the quit-claims deeds from Rodney. Rodney will have a superior title to or interest in any particular parcel of real property only if, and when, he receives a deed of distribution for that parcel from the estate's personal representative.

[¶9] In addressing the property held by the Trust, the district court relied extensively on the trial court's rulings in the Trust proceeding, which had not yet been affirmed by this Court in *Hogen Trust*. The district court ruled the Trust did not terminate immediately upon Arline Hogen's death, an undivided one-half share of the Trust land did not devolve to Rodney Hogen immediately upon her death, the Trust was the absolute owner of the land, Steven Hogen was sole trustee of the Trust with sole authority to act on behalf of the Trust, a co-trustee's deed by Rodney Hogen to himself and his brother was void, and Rodney Hogen's subsequent quit claim deeds to Marby and Susan Hogen were void to the extent they purported to convey any Trust interest in the land to Marby and Susan Hogen. The court concluded:

> Rodney does not have any cognizable title or interest in any specific property owned by the trust, "only" a beneficial interest in a one-half share of the trust corpus. The trustee's power and control over the trust's property is equal to an absolute owner's. N.D.C.C. § 59-16-15. Until the trust is terminated, the trustee—Steven—can sell or change the character of the trust property at any time. N.D.C.C. § 59-16-16(2), (3). The Cass County District Court has ruled that the trust did not terminate upon the death of Arline Hogen, and the trust is still being administered under the supervision of the Cass County District Court. Unless and until those rulings are overturned by the North Dakota Supreme Court, Rodney has no claim to the trust's real property. To the extent the quit-claim deeds purport to convey any interest in real property owned by the Curtiss A. Hogen Trust B to Susan and Marby Hogen, they are nullities.

[¶10] The district court's judgment also cancelled and discharged any lis pendens related to the quiet title action.

II

4

[¶11] Marby and Susan Hogen argue the district court erred in not quieting title in the farmland to them. They claim their title to the land is superior to the title of the Trust and the Estate because when Rodney Hogen executed the quit claim deeds to them, he was a vested owner of an undivided one-half interest in all the land through his parents' probated wills. They argue Rodney Hogen's interest in the land fully vested by operation of law when Arline Hogen died and he did not need a deed from the personal representative or the trustee to transfer that interest to himself. They argue their interests in the land are free from any claims by the Estate or by the Trust. They also claim they are not bound by the decision in the Trust proceeding because they were not parties to that proceeding.

[¶12] Steven Hogen responds summary judgment was appropriate because any interest of Marby and Susan Hogen under the quit claim deeds from Rodney Hogen was dependent on his interest in the land and it is undisputed that he will receive no land from the Trust or Estate because the land has been sold to pay the retainer claims incurred in the Estate proceeding and the offset expenses incurred in the Trust proceeding.

[¶13] The district court decided this action by summary judgment, which is "a procedural method to promptly resolve a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that reasonably can be drawn from undisputed facts, or if the only issue to be resolved is a question of law." *Hogen Trust*, 2018 ND 117, ¶ 16, 911 N.W.2d 305. "Whether a district court properly granted summary judgment is a question of law, which we review de novo on the entire record." *Id.*

[¶14] In a quiet title action, plaintiffs must recover on the strength of their own title. *Gajewski v. Bratcher*, 221 N.W.2d 614, 637 (N.D. 1974); *Woodland v. Woodland*, 147 N.W.2d 590, 602 (N.D. 1966); *Shuck v. Shuck*, 77 N.D. 628, 634, 44 N.W.2d 767, 771 (1950). In *Shuck*, at 637, 44 N.W.2d at 773, this Court said that a grantee obtaining no title under a deed from a grantor has no title to transfer to another. *Shuck* recognizes the general rule that a transferor cannot convey an interest greater than the

transferor has in the property, and a transferor who does not hold title to property cannot pass or transfer title to that property. 23 Am. Jur. 2d *Deeds* § 7 (2013). *See* N.D.C.C § 47-09-16 ("A transfer vests in the transferee all the actual title to the thing transferred which the transferor then has unless a different intention is expressed or is necessarily implied.").

[¶15] Here, Marby and Susan Hogen obtained their interests in the land from Rodney Hogen, and their interest in the land depends on his interest in the land. In this case, their interest in the land is derived from Rodney Hogen's quit claim deeds, and his quit claim deeds conveyed only his interest or title, if any, in the land rather than the land itself. *See Carkuff v. Balmer*, 2011 ND 60, ¶ 10, 795 N.W.2d 303; *Gajewski*, 221 N.W.2d at 637. Rodney Hogen's interests in the land were determined in the Estate and the Trust proceedings to be subject to the Estate administration and to an offset in the Trust proceeding. We rejected Rodney Hogen's arguments that he was immediately vested with title to the land when his mother died. *Hogen Trust*, 2018 ND 117, ¶ 22, 911 N.W.2d 305; *Estate of Hogen*, 2015 ND 125, ¶¶ 1, 27, 863 N.W.2d 876. To the extent the appellants' arguments in this case about the strength of their title are based on arguments we rejected in those proceedings, we again reject those arguments and we evaluate the appellants' interests in the Estate and the Trust land.

[¶16] In *Estate of Hogen*, 2015 ND 125, ¶ 27, 863 N.W.2d 876, we held Rodney Hogen's interest in Estate property was subject to the personal representative's power during administration of the Estate to offset any noncontingent indebtedness of Rodney Hogen to the Estate. Although Rodney Hogen claims the administration of the Estate ended with the probate court's order approving the final accounting and settlement in the probate of the Estate in 2013, this record does not reflect an order closing the Estate or discharging Steven Hogen as personal representative of the Estate. *See* N.D.C.C. § 30.1-21-01. The probate court's order approving the final accounting in 2013 indicates the Estate was still subject to administration by the personal representative. When Rodney Hogen issued the quit claim deeds to Marby and Susan Hogen in February 2014, his interest in the land held by the Estate was still

subject to administration. We agree with the district court's conclusion that Steven Hogen's power over the Estate property as personal representative is superior to any title or interest of Marby and Susan Hogen in the Estate property and that any conveyance of that property to a third party by the personal representative extinguishes their title or interest in the land. We affirm the summary judgment as to the Estate land.

[¶17] In considering the Trust land, the district court in this action relied on the trial court's decision in the Trust proceeding, which ruled the Trust did not terminate upon Arline Hogen's death and voided quit claim deeds issued solely by Rodney Hogen as co-trustee to himself and Steven Hogen on the grounds that the discretionary act required consent of both trustees. The district court explained the prior Trust proceeding authorized Steven Hogen, as sole trustee, to sell Trust property to pay mortgages, claims against Rodney Hogen, and legal fees and costs incurred by the Trust. The district court concluded the Trust was the absolute owner of the Trust land, Steven Hogen had sole authority as trustee to act on behalf of the Trust, Steven Hogen was authorized to sell Trust property, and Steven Hogen had not executed or delivered deeds for Trust property to the Trust's remainder beneficiaries. The court concluded Rodney Hogen had no claim to the Trust land and to the extent his quit claim deeds purported to convey Trust land to Marby and Susan Hogen, those deeds were nullities. The district court's rationale in this case is consistent with this Court's decision in *Hogen Trust*, 2018 ND 117, 911 N.W.2d 305, affirming the trial court's decision in the Trust proceeding. We conclude the court did not err in granting summary judgment determining Marby and Susan Hogen had no interest in the Trust land.

### III

[¶18] Marby and Susan Hogen argue good cause was not established to cancel their lis pendens against the land. Because we affirm the summary judgment in the quiet title action, we conclude any issue about whether the lis pendens was wrongfully discharged is moot. *N. Rock Island Plow Co. v. Jepson*, 28 N.D. 29, 30, 147 N.W. 729

7

(1914) (dismissing appeal from order cancelling lis pendens where original action was affirmed).

IV

[¶19]   We have considered the remaining issues raised by the parties and conclude they are either unnecessary for our decision or without merit.  We affirm the summary judgment.

[¶20]   Jerod E. Tufte
          Daniel J. Crothers
          Jon J. Jensen
          Lisa Fair McEvers
          Gerald W. VandeWalle, C.J.