Jensen, Justice.
[¶1] Susan and Marby Hogen, as purported interested persons, and Rodney Hogen (collectively "appellants") appeal from probate court orders settling the Arline Hogen Estate and discharging Steven Hogen as personal representative of the Estate. The appellants generally argue that the probate court did not have jurisdiction to enter an order for the complete settlement and distribution of the Estate and that the court lacked authority or abused its discretion in requiring Rodney Hogen to pay from his share of the Estate property all attorney fees incurred by the Estate after this Court's remand in Estate of Hogen , 2015 ND 125, 863 N.W.2d 876. We affirm.
I
[¶2] When Arline Hogen died in 2007, she was survived by her two sons, Steven and Rodney Hogen, and all of her property was devised equally to her two sons under her will. Arline Hogen and her deceased husband, Curtiss Hogen, owned farmland in Barnes and Cass Counties, and Rodney Hogen had farmed the land with Curtiss Hogen. When Curtiss Hogen died in 1993, his undivided half interest in the farmland was distributed to the Curtiss Hogen Trust. After his father's death, Rodney Hogen farmed the land under a rental agreement with the Trust and with Arline Hogen, the owner of the other half interest in the farmland. After Arline Hogen's death in 2007, Steven Hogen was appointed personal representative of her Estate. According to Steven Hogen, he discovered evidence indicating the Estate may be entitled to an offset from Rodney Hogen's share of the Estate as compensation for Rodney Hogen's failure to make certain payments to his mother.
[¶3] Steven Hogen petitioned the probate court for an offset against Rodney Hogen's share of the Estate and a final accounting. After an evidentiary hearing, the court determined Rodney Hogen owed the Estate certain farmland rent, conservation reserve program payments, and interest. The court also approved Steven *476 Hogen's request for personal representative fees and for attorney fees, costs, and expert witness fees.
[¶4] In Estate of Hogen , 2015 ND 125, ¶ 1, 863 N.W.2d 876, we affirmed the probate court's decision in part, reversed in part as to the calculation of payments attributable to Barnes County conservation reserve program land, and remanded for further proceedings. In a related case involving the Curtiss Hogen Trust, we affirmed a district court decision determining Rodney Hogen breached fiduciary duties to the Trust and authorizing Steven Hogen, as trustee, to sell Trust land to offset against Rodney Hogen's share of the land. Matter of Curtiss A. Hogen Trust B , 2018 ND 117, ¶ 1, 911 N.W.2d 305. More recently, we affirmed a summary judgment dismissing an action by Marby and Susan Hogen against Steven Hogen personally and as personal representative of the Estate and as trustee of the Trust to quiet title to certain land involved in the Estate and the Trust proceedings. Hogen v. Hogen , 2019 ND 17, ¶ 1, 921 N.W.2d 672.
[¶5] On remand in the probate proceeding, the probate court ultimately issued an order approving Steven Hogen's petition as personal representative for the complete settlement and distribution of the Estate, including the sale of certain land to pay for administration costs, expenses, and attorney fees, and discharging Steven Hogen as personal representative of the Estate. The court ordered payment of $50,000 from each of Steven and Rodney Hogen's share of the Estate for the personal representative's attorney fees and expenses incurred before the remand in Estate of Hogen , 2015 ND 125, 863 N.W.2d 876, and payment of $200,000 entirely from Rodney Hogen's share of the Estate for the personal representative's attorney fees and expenses after the remand. The court also ordered a withholding of $23,000 from Rodney Hogen's share of the Estate for the personal representative's attorney fees related to remaining work in the then pending appeal in the quiet title action and for an expected appeal in this case, with any unused funds distributed to Rodney Hogen. The court discharged Steven Hogen as personal representative of the Estate, but stayed the discharge until the expiration of the time for appeal or until the proceeding was finally resolved on appeal.
II
[¶6] The appellants generally argue the probate court failed to substantially comply with its statutory jurisdiction, acted in excess of its statutory jurisdiction, or acted without jurisdiction in entering an order on the petition for complete settlement and distribution of the Estate after this Court's remand in Estate of Hogen , 2015 ND 125, 863 N.W.2d 876. They claim the probate proceedings concluded with the order for final accounting and settlement that was appealed in Estate of Hogen . They argue that order was final under N.D.C.C. § 30.1-21-01 for distribution of all the Estate land and terminated Steven Hogen's power and authority as personal representative under N.D.C.C. § 30.1-17-10(2). They claim the probate court's post-remand decisions failed to comply with several jurisdictional statutory provisions, including N.D.C.C. § 30.1-21-08 for administration of property after the Estate had been settled, N.D.C.C. § 30.1-19-03(2) for bringing claims after distribution, N.D.C.C. § 30.1-20-11 for the personal representative to allocate real property, N.D.C.C. § 30.1-03-01 for the sale of real property, N.D.C.C. § 30.1-20-06 for the allocation of capital gains, and N.D.C.C. §§ 30.1-18-09 and 30.1-20-03 for a retainer for the 2014 through 2016 crop years.
*477 [¶7] In Hogen v. Hogen , 2019 ND 17, ¶ 16, 921 N.W.2d 672, we recently rejected the appellants' similar argument about finality and the termination of Steven Hogen's authority as personal representative. We recognized that the prior order did not terminate the Estate proceeding or discharge Steven Hogen as personal representative, and that the Estate was still subject to administration after our earlier decision in the probate proceeding. Id . We conclude the appellants' jurisdictional arguments in this appeal are resolved by that decision in Hogen .
III
[¶8] The appellants argue the probate court abused its discretion or lacked statutory authority to require Rodney Hogen to pay all post-remand attorney fees from his share of the Estate. They argue the court failed to follow the procedural protections in N.D.R.Civ.P. 11 for awarding attorney fees and that none of his claims were frivolous under N.D.C.C. § 28-26-01(2). They also claim the court's inherent power did not justify the punishment in the form of the award of attorney fees and that the personal representative and his attorneys had conflicts of interest that precluded payment of all attorney fees from Rodney Hogen's share of the Estate. They argue the probate court erred in not applying the "American Rule" for payment of attorney fees.
[¶9] In requiring Rodney Hogen to pay all post-remand attorney fees from his share of the Estate, the probate court explained:
The Court finds that the litigation following the remand from the North Dakota Supreme Court was occasioned by Rodney's stubborn refusal to comply with court orders and to follow standard probate procedures. Rodney exercised unauthorized control over the land and interfered with the personal representative's ability to manage estate resources including the receipt of appropriate farm rent. Further, Rodney continued to obstruct the personal representative in his efforts to complete the estate proceedings. Pursuant to Estate of Kjorvestad , 375 N.W.2d 160, 171 (N.D. 1985) personal representative's and attorney's fees and costs following the remand of this matter by the Supreme Court are awarded against Rodney Hogen and Rodney Hogen's distribution from the estate rather than from the estate as a whole. Rodney Hogen's continued objections to and obstruction of the probate process and his actions in convoluting the title to the real property have been unreasonable and unjustified. Of particular note is the recording a lis pendens in a direct violation of this Court's February 2, 2016 Order.
[¶10] In Estate of Kjorvestad , 375 N.W.2d 160, 171 (N.D. 1985), this Court awarded the personal representative attorney fees and costs on appeal from the appellant's share of an estate under N.D.R.App.P. 38 for the appellant's sweeping and unsubstantiated accusations on appeal. We said that the public airing of the appellant's "private obsession ought to be at her personal expense" and that " 'the probate code should not be construed so as to permit one heir or devisee to finance his or her lawsuit against another heir or devisee out of the funds of the estate.' " Id . (quoting In re Estate of Kesting , 220 Neb. 524, 371 N.W.2d 107, 109 (1985) ). We exercised our powers under N.D.R.App.P. 38 and directed that the personal representative be paid its attorney fees out of the appellant's share of the estate only, rather than from the total estate. Kjorvestad , at 171. See First Trust Co. v. Conway , 423 N.W.2d 795, 796 (N.D. 1988) (affirming district court's award of amount of attorney fees for prior appeal).
*478 [¶11] The attorney fee award in Kjorvestad , 375 N.W.2d at 171, was premised on N.D.R.App.P. 38, which authorizes this Court to award attorney fees for frivolous appeals. Although Kjorvestad recognizes an appropriate concern about precluding a construction of the probate code to permit one heir or devisee to finance his or her lawsuit against another heir or devisee out of funds of an estate, N.D.R.App.P. 38 is a rule of appellate procedure and does not apply to proceedings like this in the district court. In Estate of Nohle , 2017 ND 100, ¶¶ 22-24, 893 N.W.2d 755, however, we recently affirmed a district court decision ordering a probate litigant to pay attorney fees incurred by personal representatives in district court proceedings. We explained that parties are generally responsible for their own attorney fees, but:
The district court has authority to stem abuses of the judicial process, which comes not only from applicable rules and statutes, such as N.D.R.Civ.P. 11, but "from the court's inherent power to control its docket and to protect its jurisdiction and judgments, the integrity of the court, and the orderly and expeditious administration of justice." Federal Land Bank v. Ziebarth , 520 N.W.2d 51, 58 (N.D. 1994). A district court has discretion under N.D.C.C. § 28-26-01(2) to decide whether a claim is frivolous and the amount and reasonableness of an award of attorney fees, but when the court decides a claim is frivolous, the court must award attorney fees. See Strand v. Cass Cnty. , 2008 ND 149, ¶¶ 12-13, 753 N.W.2d 872. "A claim for relief is frivolous under N.D.C.C. § 28-26-01(2) only if there is such a complete absence of actual facts or law a reasonable person could not have expected a court would render a judgment in that person's favor." [ In re] Estate of Dion , 2001 ND 53, ¶ 46, 623 N.W.2d 720. We review the district court's decision under the statute for an abuse of discretion. Id .
Rath v. Rath , 2016 ND 46, ¶ 26, 876 N.W.2d 474 (quoting Estate of Pedro , 2014 ND 237, ¶ 14, 856 N.W.2d 775 ). A court also has authority to award attorney's fees for "[a]llegations and denials in any pleadings in court, made without reasonable cause and not in good faith, and found to be untrue. ..." N.D.C.C. § 28-26-31. An award of attorney's fees under N.D.C.C. § 28-26-31 is within the court's discretion. Rath , at ¶ 26.
Nohle , at ¶ 23. In Nohle , at ¶ 24, we affirmed a district court decision ordering a probate litigant to pay $26,175.50 to personal representatives for attorney fees and costs incurred in the district court for responding to motions the court found were frivolous and contained allegations not made in good faith. We said the litigant's actions unnecessarily drove up the costs of the proceeding and concluded the district court did not abuse its discretion in ordering the litigant to personally pay the personal representatives reasonable attorney fees. Id .
[¶12] Here, the probate court made findings about Rodney Hogen's litigation strategy on remand and those findings are supported by the record. As in Nohle , 2017 ND 100, ¶¶ 22-24, 893 N.W.2d 755, a probate court has inherent authority to provide for the orderly and expeditious administration of justice and also has authority to award attorney fees under N.D.C.C. § 28-26-31. Here, the probate court's decision is consistent with the good faith and reasonable cause requirements of N.D.C.C. § 28-26-31 and the court's inherent authority to provide for an orderly and expeditious administration of the Estate while ensuring that an heir or devisee does not finance his or her lawsuit against *479 another heir or devisee out of the Estate funds. On this record, we cannot say the district court abused its discretion in its award of attorney fees.
IV
[¶13] We have considered the remaining issues raised by the appellants and conclude they are either unnecessary to our decision or without merit. We affirm the probate court's orders.
[¶14] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.